**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**AMERICAN UNAGI, INC.,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10180 |

**INTERIM ORDER: (I) AUTHORIZING CONTINUED USE OF THE DEBTOR'S EXISTING BANK ACCOUNTS AND CASH MANAGEMENT PROCEDURES; (II) AUTHORIZING CONTINUED USE OF THE DEBTOR'S EXISTING BUSINESS FORMS AND CHECKS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of Debtor for Entry of an Order on an Interim and Then Final Basis: (I) Authorizing Continued Use of The Debtor's Existing Bank Accounts and Cash Management Procedures; (II) Authorizing Continued Use of the Debtor's Existing Business Forms and Checks; and (III) Granting Related Relief* [Dkt. No. __] (the "**Motion**") filed by the Debtor;[2] and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances of the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

 1. The Motion is **GRANTED** on an interim basis as set forth herein.

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such term in the Motion.

2. The Debtor is authorized, in the reasonable exercise of its business judgment, and except as otherwise set forth in this Order, to: (i) maintain and continue to use the Bank Accounts and Cash Management Procedures; (ii) use the Business Forms; and (iii) treat such Bank Accounts and Business Forms for all purposes as accounts and forms of the Debtor as debtor-in-possession, provided that the balance on deposit in such Bank Accounts, in the aggregate, shall not exceed **$250,000.00** at the close of any business day.

3. The Debtor shall maintain accurate records of all transfers within the Cash Management Procedures so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, so that all transactions may be readily traced, recorded properly, and distinguished between prepetition and postpetition transactions.

4. The Debtor shall include information reflecting deposits and disbursements, including statements, regarding the Bank Accounts in its monthly operating reports.

5. The DIP Lender is hereby authorized to continue to service and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtor before the Petition Date may be honored postpetition only if specifically authorized by an Order of this Court, and all such other actions relating to the Bank Accounts shall be subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any orders of this Court

except as otherwise specifically set forth herein.

6. The Debtor is authorized to make disbursements from the Bank Accounts other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtor's prepetition Cash Management Procedures.

7. On or before the close of business on Monday of each week, the Debtor shall email to the U.S. Trustee a statement of daily ending balances in the Bank Account for the prior week.

8. The Debtor agrees that excess deposits (i.e., aggregate deposits exceeding **$250,000.00**) shall not be held in the Bank Accounts, but rather shall be deposited into an account mutually acceptable to the Debtor, the DIP Lender, and the U.S. Trustee or as otherwise shall be ordered by this Court if no such acceptable account is agreed.

9. The requirements of § 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines are deemed satisfied on an interim basis through the relief set forth in this Order.

10. The Debtor shall clearly mark "Debtor In Possession" on all checks issued.

11. Upon request by the United States Trustee, the Debtor shall take reasonable steps to effectuate direct access by the United States Trustee to any information in possession of each financial institution relating to the Debtor, to property of the Debtor, to the Debtor's estate, or to the administration of the Debtor's estate.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall conduct a final hearing on the relief sought on the Motion on **October __, 2025**. The Debtor shall file a proposed final order on or before **October __, 2025**. Objections to the relief in the Motion being granted on a final basis shall be filed on or before

**October __, 2025**.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____                      _____

                                                                               United States Bankruptcy Judge
District of Maine