**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10180 |

**ORDER GRANTING MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO: (A) PAY PRE-PETITION EMPLOYEE COMPENSATION; (B) PAY RELATED PAYROLL OBLIGATIONS; AND (C) CONTINUE INSURANCE AND EMPLOYEE BENEFIT PROGRAMS**

Upon the above-referenced motion [Docket No. ____] (the "**Motion**") filed by the Debtor;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue of the case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor is authorized to continue, pay, and/or satisfy, as applicable, the Payroll Obligations and the Employee Benefit Programs in accordance with the Debtor's prepetition policies and practices, provided, however, that the aggregate amount of payments to any individual Employee on account of prepetition compensation or benefits under this Order shall not exceed **$15,150.00** per individual, as provided in §§ 507(a)(4) and (5) of the Bankruptcy Code.

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such terms in the Motion.

3. The Debtor and applicable third parties are authorized to continue to allocate and distribute withholding obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's policies and prepetition practices.

4. The Debtor is authorized to pay ordinary course processing and administrative fees associated with, and costs and expenses incidental to, payment of the Payroll Obligations, including the Payroll Fee.

5. The Debtor is authorized to pay the Insurance Obligations in the ordinary course.

6. Nothing in the Order shall constitute allowance of or authorization to pay any claim or obligation under § 503(c) of the Bankruptcy Code.

7. Notwithstanding the relief granted herein and any actions taken or payments made hereunder, nothing contained in this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtor, the creation of an administrative priority claim on account of the prepetition obligations sought to be paid, or the assumption or adoption of any contract or agreement under § 365 of the Bankruptcy Code.

8. This Order shall be effective and enforceable immediately upon entry hereof.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

United States Bankruptcy Judge
District of Maine