UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>American Unagi, Inc.,<br><br>Debtor | Chapter 11<br>Case No. 25-10180 |

### ORDER SETTING EXPEDITED HEARING

On September 29, 2025, the debtor American Unagi, Inc., commenced this case by filing a voluntary bankruptcy petition. The debtor then filed three motions, listed below, which include requests to determine certain matters on an expedited basis and to limit notice.

1. Motion of Debtor for Entry of an Order on an Interim and Then Final Basis: (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to § 364 of the Bankruptcy Code; (II) Authorizing the Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code; (III) Granting Liens and Super-Priority Claims; (IV) Granting Adequate Protection; (V) Granting Request for Expedited Determination and Request for Limitation of Notice Regarding the First Hearing Thereon; and (VI) Scheduling a Final Hearing [Dkt. No. 2]

2. Motion of Debtor (A) for Entry of an Order on an Interim and Then Final Basis: (I) Authorizing Continued Use of the Debtor's Existing Bank Accounts and Cash Management Procedures; (II) Authorizing Continued Use of the Debtor's Existing Business Forms and Checks; and (III) Granting Related Relief; and (B) for Expedited Consideration [Dkt. No. 3]

3. Motion of Debtor for Entry of an Order: (I) Authorizing the Debtor to: (A) Pay Pre-Petition Employee Compensation; (B) Pay Related Payroll Obligations; and (C) Continue Insurance and Employee Benefit Programs; and (II) Request for Expedited Determination and Limitation of Notice [Dkt. No. 4]

The requests for expedited determination and limitation of notice are granted to the extent set forth below.

On October 2, 2025, at 1:00 p.m., the Court will conduct an expedited non-evidentiary hearing at the United States Bankruptcy Court, 202 Harlow Street, Bangor, Maine. At that hearing, the Court will consider the requests for interim relief in the first two motions listed

1

above and all remaining requested relief in the third motion listed above. Parties may participate in the hearing in person in the Bangor Courtroom, by video from the Portland Courtroom, or by telephone.[1]

Notwithstanding Local Rule 9013-4(d)(2), written responses are not required. Objections may be raised at the hearing. The Court may then set a schedule for the filing of written objections and a further hearing (or further interim hearing) on any motion above.

By no later than 3:00 p.m. on September 30, 2025, the debtor must complete service as follows. The debtor must serve the first motion (including the exhibits and proposed order with budget), along with notice of the hearing and objection deadline, on all parties identified in Federal Rule of Bankruptcy Procedure 4001(b)(1)(C), (c)(1)(C) and Local Rule 4001-2(b). See also Fed. R. Bankr. P. 4001(b)(2)(B), (c)(2)(B). The debtor must serve the second and third motions (including the proposed orders), along with notice of the hearing and objection deadline on (a) the United States Trustee; (b) the debtor's secured creditors and, if applicable, counsel representing them; (c) the non-insider holders of the 20 largest unsecured claims against the debtor and, if applicable, counsel representing such holders; (d) applicable federal and state taxing authorities; and (e) any attorney of record or party that has requested notice pursuant to Bankruptcy Rule 2002. Service must be accomplished by electronic mail, facsimile, or other means reasonably calculated to provide prompt notice. The debtor must file a certificate of such service no later than 9:00 a.m. on October 1, 2025. *See* D. Me. LBR 9013-4(b).

Dated: September 30, 2025

                                                Michael A. Fagone
                                                United States Bankruptcy Judge
                                                District of Maine

---

[1] If ruling on any motion above, including ruling on requests for interim relief, requires an evidentiary hearing, the Court anticipates convening such a hearing as early as October 3, 2025. Anyone who anticipates introducing evidence, appearing as a witness, or cross-examining a witness at such a hearing would not be permitted to participate in that hearing by phone.