*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-10180 |

**APPLICATION OF THE DEBTOR FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

American Unagi, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), submits this application (the "**Application**") for entry of an order, pursuant to §§ 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "**Local Rules**"), authorizing the employment of Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**") as general bankruptcy counsel for the Debtor, effective as of the Petition Date (defined below). Simultaneously with the filing of this Application, the Debtor is filing the *Declaration of Adam R. Prescott, Esq. in Support of the Application of Debtor for Order Authorizing the Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtor, Effective as of the Petition Date* (the "**Prescott Declaration**"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of this Application, the Debtor states as follows:

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

**JURISDICTION, VENUE AND STATUTORY BASIS**

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The statutory predicates for the relief sought herein are §§ 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 9013-3.

**BACKGROUND**

5. On September 29, 2025 (the "**Petition Date**"), the Debtor commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

6. The Debtor continues to operate its business and manage its property as debtor and debtor-in-possession. To date, no operating trustee, examiner, or statutory committee has been appointed in the case by the United States Trustee.

**THE DEBTOR'S RETENTION OF BSSN**

7. The Debtor retained BSSN on or about August 19, 2025. The Debtor selected BSSN because of its expertise in the field of corporate law and business reorganizations under chapter 11 of the Bankruptcy Code, as well as BSSN's experience and expertise in many other areas of law that typically arise in the context of a case under chapter 11. BSSN and its attorneys

have the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtor's bankruptcy case, and BSSN is well qualified to represent the Debtor in an efficient and timely manner. BSSN's retention is necessary because the Debtor requires the specialized knowledge and experience in bankruptcy and related matters that BSSN is able to provide, coupled with the historic knowledge gained by BSSN about the Debtor through BSSN's retention prior to the Petition Date.

8. BSSN has agreed to represent the Debtor in this case, subject to the approval of this Court, upon the terms set forth herein and in the Prescott Declaration.

### PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES

9. As set forth in the Prescott Declaration, BSSN anticipates that the following attorneys and paraprofessionals will render services to the Debtor in conjunction with the case at the following rates:

| Professional | Position | Hourly Rate |
| --- | --- | --- |
| Sam Anderson | Attorney (Shareholder) | $650.00 |
| Adam R. Prescott | Attorney (Shareholder) | $495.00 |
| Kathrine Flynn | Paralegal (Trainee) | $175.00 |

10. From time to time, other attorneys and paraprofessionals at BSSN not listed above may provide services to the Debtor at their standard hourly rates.

11. A brief biography of each of the attorneys and paraprofessionals at BSSN who are likely to work on the case is attached as **Exhibit 2** to the Prescott Declaration.

### RELIEF REQUESTED

12. Subject to the approval of this Court, the Debtor seeks to employ BSSN as its general bankruptcy counsel in connection with the commencement and prosecution of the bankruptcy case, with the retention being effective as of the Petition Date. Accordingly, pursuant

to §§ 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, the Debtor requests that this Court approve the employment of BSSN to perform necessary legal services on the Debtor's behalf during the bankruptcy case upon the terms set forth herein, in the Prescott Declaration, and in the proposed form of order filed herewith.

13. Pursuant to Local Rule 2014-1(b)(2), because this Application seeks to retain counsel for a chapter 11 debtor and is being filed within thirty (30) days of the Petition Date, the order authorizing the retention will be effective as of the Petition Date, without the necessity of obtaining retroactive approval. Accordingly, pursuant to Local Rule 9013-3, this Court may grant this Application without a hearing (subject to Bankruptcy Rule 6003) because BSSN is not required to seek retroactive effectiveness of its retention.

## BASIS FOR RELIEF

14. Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession is authorized to employ one or more attorneys who do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in § 101(14), to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a). Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to section 327(a) may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." See id. § 328(a).

A. **Services to be Provided by BSSN.**

15. The professional services that BSSN expects to provide to the Debtor during the course of the case may include some or all of the following:

    (a)    Advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Office of the United States Trustee, as they pertain to the Debtor;

4

(b) Advising the Debtor with regard to certain rights and remedies of the bankruptcy estate and rights, claims, and interests of creditors and bringing such claims as the Debtor, in its business judgment, decides to pursue;

(c) Representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the estate;

(d) Conducting examinations of witnesses, claimants, or adverse parties, and representing the Debtor in any adversary proceeding (except to the extent that any such adversary proceeding is in an area outside of BSSN's expertise);

(e) Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims and preparing, filing, or prosecuting any objections thereto or initiating appropriate proceedings regarding leases or contracts to be rejected or assumed;

(f) Preparing and assisting the Debtor with the preparation of reports, applications, pleadings, motions, and orders, including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statements of financial affairs, cash collateral motion papers, and motions with respect to the Debtor's use of estate property (to the extent necessary);

(g) Assisting the Debtor in the analysis, formulation, negotiation, and preparation of all necessary documentation relating to the sale of the Debtor's assets, as appropriate;

(h) Assisting the Debtor in the negotiation, formulation, preparation, and confirmation of a plan; and

(i) Performing any other services that may be appropriate in BSSN's representation of the Debtor as general bankruptcy counsel in the case.

### B.    **BSSN Is Disinterested And Does Not Hold or Represent Any Adverse Interest.**

16. To the best of the Debtor's knowledge, and as disclosed in the Prescott Declaration, BSSN is: (a) a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtor's estate; and (c) except as is disclosed in the Prescott Declaration, has no connection to the Debtor, its creditors, or any other parties in interest, or its respective attorneys and accountants,

the United States Trustee for the District of Maine (the "**U.S. Trustee**") or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Maine or any persons employed in the offices of the same. Additional representations and disclosures are contained in the Prescott Declaration.

    **C.**      **Compensation and Expense Reimbursement of BSSN.**

    17.     BSSN was paid for prepetition legal services to the Debtor, as disclosed in the Prescott Declaration. BSSN did not hold a claim against the Debtor as of the Petition Date.

    18.     The Debtor understands that BSSN intends to apply to this Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with its bankruptcy case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court. BSSN understands the provisions of §§ 327, 330, and 331 of the Bankruptcy Code and that these provisions require, among other things, approval by this Court of BSSN's employment as general bankruptcy counsel and of all legal fees and reimbursement of expenses that BSSN will receive from the Debtor.

    19.     The Debtor has agreed, subject to this Court's approval, to pay BSSN at its customary hourly rates for representation of debtors in reorganization cases, as set forth in the Prescott Declaration. The Debtor submits that such rates are reasonable and should be approved by this Court, subject to a determination of any amounts actually to be paid to BSSN upon the filing of any application for compensation. BSSN has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services.

20. The Debtor, subject to this Court's approval, also proposes to reimburse BSSN for its actual and necessary expenses incurred in representing the Debtor. It is BSSN's policy in all areas of practice to charge its clients for all other expenses incurred in connection with a client's case. BSSN, however, does not charge clients for routine copying charges, legal research within BSSN's subscription to such research platforms, and other overhead items. The expenses that BSSN charges to clients include, among other things, photocopying for extraordinary copy projects only, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, express mail and messenger charges, and certain extraordinary computerized legal research charges that fall outside BSSN's standard research subscriptions. BSSN will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to its other clients and consistent with its standard practices, with all such reimbursement subject to this Court's approval.

21. In accordance with Local Rule 2014-1(c), given the variety and complexity of the services that are required, BSSN is unable to precisely estimate the total cost of services to be rendered in the Debtor's case. BSSN, however, anticipates that its fees will be consistent with cases of similar size and complexity in this Court.

## **NOTICE**

22. This Application shall be served on the following parties on the date and in the manner set forth in the certificate of service: (a) the U.S. Trustee; (b) the Debtor's secured creditors or, if applicable, to counsel representing them; (c) the top twenty (20) non-insider unsecured creditors of the Debtor or, if applicable, to counsel representing such holders; (d) applicable federal and state taxing authorities; and (e) any attorney of record or party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the circumstances of the Debtor's chapter 11 case

and the nature of the relief sought herein, the Debtor submits that no further notice of this Application is required.

## CONCLUSION

Based on the foregoing, the Debtor requests that this Court enter an order authorizing the employment of BSSN as its general bankruptcy counsel on the terms set forth in the proposed form of order filed herewith, and that any and all fees and expenses to be paid in these proceedings shall be approved by this Court in accordance with the Bankruptcy Code and any other applicable orders of this Court.

Dated: October 2, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
Adam R. Prescott, Esq.
D. Sam Anederson, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
aprescott@bernsteinshur.com
sanderson@bernsteinshur.com

*Proposed Counsel to the Debtor and Debtor in Possession*