**Exhibit A**

**Prescott Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-10180 |

**DECLARATION OF ADAM R. PRESCOTT, ESQ. IN SUPPORT OF THE
APPLICATION OF THE DEBTOR FOR ORDER AUTHORIZING
THE EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER &
NELSON, P.A. AS COUNSEL TO THE DEBTOR
EFFECTIVE AS OF THE PETITION DATE**

I, Adam R. Prescott, declare (this "**Declaration**"), pursuant to § 1746 of title 28 of the United States Code, as follows:

1. I am a shareholder with the law firm of Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**"), which has its principal office located at 100 Middle Street, West Tower, Portland, ME 04101. BSSN's phone number is (207) 774-1200. My e-mail address is aprescott@bernsteinshur.com. I am admitted to practice law in: (i) the State of Maine; (ii) the Commonwealth of Massachusetts; and (iii) the District of Columbia. I also am admitted to practice in several Federal district and bankruptcy courts, including Maine and Massachusetts. I am authorized to make this Declaration on BSSN's behalf.

2. I submit this Declaration in the above-captioned chapter 11 case of American Unagi, Inc. (the "**Debtor**") pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules of this Court (the "**Local Rules**"), in support of the *Application of the Debtor for Order Pursuant to §§ 327 and 328*

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

*of the Bankruptcy Code Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtor Effective as of the Petition Date* (the "**Application**").

**Disinterestedness of Professionals**

3. The Debtor retained BSSN on or about August 19, 2025. BSSN has substantial experience in cases involving the representation of debtors and debtors-in-possession under the Bankruptcy Code in Maine and numerous other states. Accordingly, BSSN and its attorneys have the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtor's bankruptcy case, and BSSN is well qualified to represent the Debtor in an efficient and timely manner.

4. Prior to the commencement of this chapter 11 case, BSSN undertook a review of its computerized database regarding client representations (the "**Client Database**") to determine whether it had any conflicts or other relationships with parties in interest in this case, which review will continue throughout the pendency of this case. BSSN submitted to the Client Database the names of the Debtor and significant parties in interest in the Debtor's case listed on **Exhibit 1** attached hereto (all such parties, collectively, the "**Searched Parties**" and each, a "**Searched Party**"). Where an entity has a name similar to a Searched Party, or is possibly related to such party, those parties have also been searched. In addition to searching its Client Database, BSSN also solicited information by email to all attorneys in the firm to identify any additional connections or relationships to the parties on **Exhibit 1**.

5. I am not related, and to the best of my knowledge, no attorney at BSSN is related, to any United States Bankruptcy Judge in this District or to the United States Trustee for this District. BSSN discloses the following known connections to the United States Trustee's Office and the Bankruptcy Court for the District of Maine:

2

    a. Sheila R. Dilios, a former paralegal in the United States Trustee's Office and currently a paralegal in the United States Bankruptcy Court for the District of Maine (Portland Division), is a former employee of BSSN.

    b. The Honorable Michael A. Fagone, currently a judge in the United States Bankruptcy Court for the District of Maine (Bangor Division), is a former shareholder of BSSN.

    c. Jessica Lewis, a law clerk to the Honorable Peter G. Cary, is a former attorney at BSSN.

6. In support of the Application, I make the following additional disclosures:

    a. BSSN does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity interest holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor as specified herein or for any other reason.

    b. My and my firm's connections with the Debtor, creditors of the Debtor, or other parties in interest, or their respective attorneys and accountants (to the extent known) on **Exhibit 1** are as follows:

        i. BSSN is panel insurance counsel on behalf of Nationwide Insurance in matters unrelated to the Debtor or this Chapter 11 case.

        ii. O'Hara Corporation is a client of BSSN on matters unrelated to the Debtor or this Chapter 11 case.

        iii. Geraldine Canning is a former client of BSSN on matters unrelated to the Debtor or the Chapter 11 case.

        iv. Sandra Stone is a former client of BSSN on matters unrelated to the Debtor or the Chapter 11 case, and various BSSN attorneys maintain a professional relationship with Sandra Stone in the Maine business community.

        v. Small Enterprise Growth Fund (d/b/a Maine Venture Fund) is a former client of BSSN on matters unrelated to the Debtor or the Chapter 11 case. BSSN attorney Helen Coburn is on the board of directors of the Small Enterprise Growth Fund. Attorney Coburn does not practice in BSSN's bankruptcy group and will not be involved in representing the Debtor in this matter.

        vi. Richard McGoldrick is a former client of BSSN on matters unrelated to the Debtor or the Chapter 11 case.

3

      vii.      Americold is a former client of BSSN on matters unrelated to the Debtor or the Chapter 11 case.

      viii.      Wiplfi is a vendor of BSSN, and clients of BSSN have retained Wiplfi professionals as expert witnesses in cases unrelated to the Debtor or the Chapter 11 case.

      ix.      Water Quality & Compliance Services, Inc. is a client of BSSN on matters unrelated to the Debtor or this Chapter 11 case.

      x.      Katahdin Analytical Services, LLC is a former client of BSSN on matters unrelated to the Debtor or the Chapter 11 case.

      xi.      Shoshana Mueller is a former BSSN attorney.

c. As to the parties identified in Subparagraph (b), the legal fees as to each party constituted less than 1% of BSSN's revenue in 2024.

d. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

e. I have not agreed to share with any person (except shareholders or employees of BSSN) the compensation to be paid for the services rendered in this case.

f. Neither BSSN, nor any attorney at BSSN, is or was a creditor or an insider of the Debtor, except that BSSN previously has rendered legal services to the Debtor for which it has been compensated as disclosed herein.

g. Neither BSSN, nor any attorney at BSSN, is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor.

7. BSSN has represented in the past, currently represents, and in the future likely will represent, certain creditors of the Debtor and other parties in interest appearing in this chapter 11 case. Those past or current representations on unrelated matters are disclosed above. Further, BSSN and its attorneys also have relationships with, and have served as referral sources for and received referrals from, other attorneys and professionals who have entered or may enter in the future appearances for parties in interest in this case, but I do not believe those ordinary relationships present any conflict concerns.

8. On behalf of BSSN, I acknowledge the continuing duty to exercise due diligence, and to monitor the reported revenue from those current and former clients disclosed above that may be creditors of the Debtor, and to notify this Court if any of the above information changes. The information listed on **Exhibit 1** may be updated or may change during the case. I will supplement this Declaration as necessary promptly after I become aware of additional information.

**Services To Be Rendered**

9. BSSN will provide general bankruptcy services to the Debtor as needed throughout the case. In particular, I anticipate that BSSN will provide some or all of the following services to the Debtor:

(a) Advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Office of the United States Trustee, as they pertain to the Debtor;

(b) Advising the Debtor with regard to certain rights and remedies of the bankruptcy estate and rights, claims, and interests of creditors and bringing such claims as the Debtor, in its business judgment, decides to pursue;

(c) Representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the estate;

(d) Conducting examinations of witnesses, claimants, or adverse parties, and representing the Debtor in any adversary proceeding (except to the extent that any such adversary proceeding is in an area outside of BSSN's expertise);

(e) Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims and preparing, filing, or prosecuting any objections thereto or initiating appropriate proceedings regarding leases or contracts to be rejected or assumed;

(f) Preparing and assisting the Debtor with the preparation of reports, applications, pleadings, motions, and orders, including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statements of financial affairs, cash collateral motion papers, and motions with respect to the Debtor's use of estate property (to the extent necessary);

5

  (g) Assisting the Debtor in the analysis, formulation, negotiation, and preparation of all necessary documentation relating to the sale of the Debtor's assets, as appropriate;

  (h) Assisting the Debtor in the negotiation, formulation, preparation, and confirmation of a plan; and

  (i) Performing any other services that may be appropriate in BSSN's representation of the Debtor as general bankruptcy counsel in the case.

## Professional Compensation

10. BSSN did not hold a retainer as of the Petition Date. BSSN did not hold a claim against the Debtor as of the Petition Date.

11. Prior to the Petition Date, BSSN received and applied payments from the Debtor as follows:

| Invoice Date | Payment Date | Paid Amount |
|---|---|---|
| 9/9/2025 | 9/10/2025 | $5,000.00 (paid from retainer) |
| 9/9/2025 | 9/29/2025 | $3,813.50 (paid from retainer) |
| 9/29/2025 | 9/29/2025 | $21,186.50 (paid from retainer) |

12. BSSN intends to apply to this Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with the bankruptcy case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court.

13. BSSN understands the provisions of §§ 327, 330, and 331 of the Bankruptcy Code and that these provisions require, among other things, approval by this Court of BSSN's employment as bankruptcy counsel and of all legal fees and reimbursement of expenses that BSSN will receive from the Debtor.

14. The Debtor has agreed, subject to this Court's approval, to pay BSSN at its customary hourly rates for representation of debtors in reorganization cases. I submit that such rates are reasonable and should be approved by this Court, subject to a determination of any amounts actually to be paid to BSSN upon the filing of any application for compensation. BSSN has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services.

15. I anticipate that the following attorneys and paraprofessionals will render services to the Debtor during the case:

| Professional | Position | Hourly Rate |
|---|---|---|
| D. Sam Anderson | Attorney (Shareholder) | $650.00 |
| Adam R. Prescott | Attorney (Shareholder) | $495.00 |
| Katherine Flynn | Paralegal (Trainee) | $175.00 |

16. From time to time, other attorneys and paraprofessionals at BSSN not listed above may provide services to the Debtor at their standard hourly rates. BSSN's rates for shareholder and of counsel attorneys generally range from $350-$750/hour, and associate attorney rates generally range from $250-$350/hour.

17. A brief biography of each of the attorneys and paraprofessionals with BSSN who are expected to work on the case is attached hereto as **Exhibit 2**.

18. The Debtor, subject to this Court's approval, also proposes to reimburse BSSN for its actual and necessary expenses incurred in representing the Debtor. It is BSSN's policy in all areas of practice to charge its clients for all other expenses incurred in connection with a client's case. BSSN, however, does not charge clients for routine copying charges, legal research within BSSN's subscription to such research platforms, and other overhead items. The expenses that BSSN charges to clients include, among other things, photocopying for extraordinary copy

7

projects only, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, express mail and messenger charges, and certain extraordinary computerized legal research charges that fall outside BSSN's standard research subscriptions. BSSN will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to its other clients and consistent with its standard practices, with all such reimbursement subject to this Court's approval.

19. If retained, BSSN will continue to exercise due diligence and monitor potential conflicts, and the Debtor will notify this Court if the information in this Declaration requires updating.

The foregoing is true and correct to the best of my knowledge and belief.

Dated:   October 2, 2025                     */s/ Adam R. Prescott*
                                             Adam R. Prescott

**Exhibit 1**

**Searched Parties**

A&L Laboratory
Aca Freight Forwarding Inc.
Alpha Chemical Services Inc.
Americold Logistics
Apsara Research LLC
Araho Transfer
Barbara Lamont
Beaver Enterprises Inc.
Berkshire Refrigerated Warehousing, LLC
Central Maine Power
Charlie Walsh
Chris Herring
Clark Interim LLC
Coastal Enterprises, Inc.
Comerica Bank & Trust NA
Dale Newell
David Stein and Elizabeth March
Dead River Company
Delaware Secretary of State
DFI, LLC
Dirigo Angel Fund I LLC
Drew Sawyer Trust
Elizabeth A. Rademaker & Edward G. Rademaker
Elizabeth C. Saltonstall
EMEC North America Corp.
ERGOS Technology Partners, Inc.
Eric D. Lister, Trustee of the Eric D. Lister Amended and Restated Living Trust
FFE Transportation Services Inc.
Finance Authority of Maine
Fortunat and Shoshana Mueller
Frank Simon II
G & H Wood Products
Gartley & Dorsky Engineering Surveying
General Alum New England Corp
Geraldine R. Canning
Glen Melvin
HARCROS CHEMICALS INC.
Heidi Hood Sappier
Humana Insurance
Ice Cube Logistics LlC-FR1
Indian Township Enterprises, LLC
Interstate Septic Systems Inc.
Jack Downing
James B. Wyeth
James P. Wyeth
Jamie Robbins
John Gavin Watson
John W. Taylor
Joseph Drago Consulting
Jumo Process Control Inc.

June Sleeper
Karl Nicholas
Katahdin Analytical Services LLC
Katherine Pope
Kathleen Marciano
Kennebec River Biosciences, Inc.
Lance Geidel
Lou Dana
Maine Community Bank
Maine Environmental Lab Inc.
Maine Oxy
Maine Printing and Embroidery
Malli Gero & Michael Gero
Margaret W. & Christopher Bradley
Mark S Dvorozniak, Trustee of the Mark S. Dvorozniak Trust
Matthew Dana
Memic
Mid-Coast Energy Systems, Inc.
Modern Pest Services LLC
Mook Sea Farm Inc.
Nationwide Insurance
Nextgen Hanson, LLC
O'Hara Corporation
One Group d/b/a Thomas Gregory Associates
PackEdge
Parramatt, LLC
Pavan Enterprises, LLC
ReVision Community Impact Partners LLC
Richard McGoldrick
Ripcord Consulting LLC
Robert G. Hirsch & Kathleen Hirsh
Robert H Gordon
Robert T. Kelley
Roberts Chemical Co. Inc.
Ruprecht - Kilcoy Global Foods
RuralWorks Impact Partners 1, L.P.
Rustin Taylor
Sandra Stone
Sara Rademaker
Shelly Geidel
Small Enterprise Growth Fund d/b/a Maine Venture Fund
Stanley Chao
Stephen M Stroud Trust for Descendents (dated 12/12/12)
Subchapter V Trustee Tanya Sambatakos
Suzanne Smith
Tablecloth Inc.
Tony Dana
Town of Waldoboro
Travis Atwood
Uline

Victoria Sorobasin
Viridian Law
Water Quality & Compliance Services, Inc.
Wells Fargo
Wipfli LLP

**Exhibit 2**

**Biographies of BSSN Professionals and Paraprofessionals**

**ADAM PRESCOTT**

Adam is a shareholder and co-chair of BSSN's Business Restructuring & Insolvency Practice Group. Adam's experience includes chapter 11 reorganizations and asset sales and acquisitions, as well as other bankruptcy-related matters, including preference litigation, claim objections, cash collateral and adequate protection disputes, relief from stay litigation, and numerous other areas of bankruptcy law and litigation. As part of his bankruptcy practice, Adam regularly appears in court to represent clients, and he also frequently drafts motions, objections, and other pleadings for clients, including in bankruptcy appeals before the U.S. District Court for the District of Maine and the First Circuit Court of Appeals. In addition to his bankruptcy practice, Adam maintains a diverse litigation and appellate practice, which has included representing clients in federal and state courts across the country.

Adam earned his J.D. from the William & Mary School of Law, and his B.S. in Economics from Trinity College in Hartford, Connecticut. While in law school, Adam interned for the Honorable Jon D. Levy at the Maine Supreme Judicial Court. After law school, Adam clerked for the Honorable Rudolph Contreras at the United States District Court for the District of Columbia. Prior to joining Bernstein Shur, Adam worked as a Senior Associate at WilmerHale in Washington, D.C.

**D. SAM ANDERSON**

Sam Anderson is a shareholder and co-chair of BSSN's Business Restructuring & Insolvency Practice Group. Sam's practice focuses primarily on representing debtors in Chapter 11 reorganization proceedings. Sam's practice has focused most recently on representing both paper mills and real estate holding companies in chapter 11, including debtors in single asset real estate cases, and representing companies in the hospitality industry through reorganizations and asset sales.

Additionally, Sam has considerable experience working on individual Chapter 11 reorganizations. He has extensive experience representing creditors in Chapter 11 proceedings, including representing landlords as creditors in these proceedings. Sam has a wide range of experience in representing clients in pre-bankruptcy and bankruptcy related matters, including representing clients in valuation disputes, preference litigation, fraudulent transfer litigation, stay relief, assets sales under the Bankruptcy Code, plan confirmation and other matters arising under bankruptcy law. He also has experience representing plaintiffs and defendants in commercial litigation in both state and federal courts.

**KATHERINE FLYNN**

Katherine is a paralegal trainee in the Business Restructuring and Insolvency Practice Group and has worked at BSSN since June 2025. She holds a B.A. in Political Science from the University of Maine.