**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**AMERICAN UNAGI, INC.,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10180 |

**DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR
INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF PROFESSIONALS**

American Unagi, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its undersigned proposed counsel, hereby moves this Court (the "**Motion**") for the entry of an order, substantially in the form filed herewith, authorizing the Interim Compensation Procedures for the Professionals (each as defined below). In support of this Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are §§ 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**").

**BACKGROUND**

5. On September 29, 2025 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.

6. The Debtor continues to operate its business and manage its property as debtor-in-

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

7. The Debtor seeks entry of an order, substantially in the form filed herewith, establishing the process for the monthly review, allowance, and partial payment of compensation and reimbursement of expenses for professionals whose services are authorized by this Court and who will be required to file applications for allowance of such compensation and expenses pursuant to §§ 330 and 331 of the Bankruptcy Code.

8. Specifically, the Debtor proposes that the procedures set forth below (collectively, the "**Interim Compensation Procedures**") be established such that all professionals retained in this case pursuant to 11 U.S.C. §§ 327, 363, 1103, and/or 1107 (each, a "**Professional**") may seek post-petition, interim compensation on a monthly basis as follows:

(a) **Submissions and Monthly Statements.** Not earlier than the fifth (5th) day of each month following the month for which compensation is sought (provided that a Professional may include in its initial request compensation and expenses from the Petition Date through the end of the "stub" month for which the initial request is being made), each Professional seeking compensation pursuant to the Interim Compensation Procedures may serve a monthly fee and expense statement via e-mail (the "**Monthly Fee Statement**") upon the following persons (collectively, the "**Notice Parties**"):

  (i) Proposed counsel to the Debtor, Sam Anderson (sanderson@bernsteinshur.com) and Adam R. Prescott (aprescott@bernsteinshur.com);

  (ii) Counsel to the Office of the United States Trustee, Ann Marie Dirsa (Ann.Marie.Dirsa@usdoj.gov);

  (iii) Counsel to the Official Committee of Unsecured Creditors (if any);

  (iv) Counsel to Finance Authority of Maine, Jeremy Fischer (JFischer@dwmlaw.com) and Kellie Fisher (KFisher@dwmlaw.com);

  (v) Counsel to Maine Community Bank, Andrew Sparks (asparks@ddlaw.com); and

3

      (vi)    Any other party this Court may so designate.

(b) **No Filing with the Court.** Each Monthly Fee Statement shall not be filed with this Court. Professionals are required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, except as may be modified by a Court order.

(c) **Content of Monthly Fee Statement.** Each Monthly Fee Statement shall contain an itemization of time spent and the applicable hourly rate. All timekeepers must maintain contemporaneous time entries in increments of one-tenth (1/10th) of an hour, except as otherwise ordered by this Court. Each Monthly Fee Statement must contain a reasonably detailed summary of the fees sought by task and a list of individuals and their respective positions who provided services during the statement period, including: (i) their respective billing rates; (ii) in the case of attorneys, their respective year of graduation from law school; and (iii) the aggregate hours spent by the individual during the period for which compensation is requested.

(d) **Review Period.** Each party receiving a Monthly Fee Statement shall have fourteen (14) days after service of the Monthly Fee Statement to serve an objection (the "**Objection Period**") in accordance with the Interim Compensation Procedures.

(e) **Payment.** In the absence of a timely served objection, the Debtor shall promptly pay each Professional an amount (the "**Interim Payment**") equal to the lesser of: (i) ninety percent (90%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement; or (ii) ninety percent (90%) of the fees and 100 percent (100%) of the expenses not subject to any timely served partial objection, provided that all Interim Payments herein shall be subject to, and consistent with, this Court's orders regarding the use of cash collateral and related budgets.

(f) **Objections**.

    (i)    If any party objects to a Monthly Fee Statement, it must do so in writing (the "**Notice of Objection to Monthly Fee Statement**") and must serve the Notice of Objection to Monthly Fee Statement, via e-mail, upon the Professional and the Notice Parties, so that the Notice of Objection to Monthly Fee Statement is received on or before the last day of the Objection Period.

    (ii)    The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

    (iii)    If a timely objection is received as to a Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and shall promptly pay

the remainder of the fees and disbursements in the percentages set forth above.

(iv) If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Monthly Fee Statement, then the Professional and the objecting party shall serve upon the Notice Parties a statement indicating that the objection is withdrawn, in whole or in part, and describing in detail the terms of the resolution, and then the Debtor shall promptly pay in accordance with the percentages listed above that portion of the Monthly Fee Statement which is no longer subject to an objection.

(v) If the parties are unable to reach a resolution to the objection within twenty-one (21) days after service of the Notice of Objection to Monthly Fee Statement, the affected Professional may: (a) move to compel the payment with this Court, together with a request for payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "**Incremental Amount**"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or any other date and time so directed by this Court, at which time it will consider and dispose of the objection, if so requested.

(vi) Neither an objection to a Monthly Fee Statement, nor the failure to object thereto, shall prejudice a party's right to object to any fee application on any ground.

(vii) Failure of a Professional to serve a Monthly Fee Statement for any period shall not prejudice that Professional in seeking interim or final allowance of fees or expenses for that period or any other period.

## **BASIS FOR RELIEF**

9. Pursuant to § 331 of the Bankruptcy Code, the Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if this Court permits. Specifically, § 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is

5

    provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.  Accordingly, absent an order of this Court, § 331 of the Bankruptcy Code limits payment of fees and expenses to professionals rendering services in a chapter 11 case to only three (3) times per year.

    10.    Further, § 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.  11 U.S.C. § 105(a).

    11.    Entry of the Interim Compensation Procedures will permit the Court, the United States Trustee, the Debtor, and all other parties to monitor more effectively and on a timelier basis the fees and expenses incurred by the Professionals retained in this case, including the accrual of fees in relation to the applicable cash collateral budgets and orders.  The Debtor submits that the efficient administration of this chapter 11 case will be significantly aided by establishing the foregoing compensation procedures and by permitting (on an interim basis) timely payments for certain professional compensation in accordance with the applicable budgets, including ensuring that such claims are being accounted for and funded throughout the sale process and eventual conclusion of this case.  The proposed procedures also will reduce any undue hardship on professionals from delayed payment of uncontested fees, while still providing that any compensation paid under these procedures remains subject to the filing of fee applications and full review and objection rights of all parties, including review by this Court, before allowance. Accordingly, based on the foregoing, the Debtor submits that the requested relief is reasonable and appropriate, is within the Debtor's business judgment, is in the best interests of its estate and creditors, and should be granted.

## NOTICE

12. Notice of this Motion shall be given to: (a) the Office of the United States Trustee; (b) the Debtor's secured creditors or, if applicable, to counsel representing them; (c) the top twenty (20) non-insider unsecured creditors of the Debtor or, if applicable, to counsel representing such holders; (d) applicable federal and state taxing authorities; and (e) any attorney of record or party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice of this Motion should be required.

Dated:  October 2, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

/s/  Adam R. Prescott
Adam R. Prescott
D. Sam Anderson
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
aprescott@bernsteinshur.com
sanderson@bernsteinshur.com

*Proposed Counsel to the Debtor and Debtor in Possession*