## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-10180 |

**MOTION OF THE DEBTOR FOR AN ORDER: (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (II) APPROVING THE FORM OF ADEQUATE ASSURANCE PROPOSED BY THE DEBTOR; (III) ESTABLISHING PROCEDURES FOR RESOLVING CERTAIN DISPUTES REGARDING UTILITIES; AND (IV) GRANTING EXPEDITED RELIEF AND/OR SPECIALLY SET HEARING DATE**

**The Debtor's request for expedited relief and/or a specially set hearing date on or before October 29, 2025, is set forth below.**

American Unagi, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through undersigned proposed counsel, hereby moves this Court (the "**Motion**") for entry of an order: (a) prohibiting the Debtor's Utility Providers (as defined below) from altering, refusing, or discontinuing service to the Debtor; (b) approving the forms of adequate assurance proposed herein; and (c) establishing procedures for resolving certain disputes regarding utilities, including determinations as to whether a company constitutes a "utility" under § 366 of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of this Motion, the Debtor states as follows:

### JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C.

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

§ 1334(b).  Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4.      The bases for the relief requested herein are §§ 105(a) and 366 of the Bankruptcy Code.

## **BACKGROUND**

5.      On September 29, 2025 (the "**Petition Date**"), the Debtor commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

6.      The Debtor continues to operate its business and manage its property as debtor and debtor-in-possession.  To date, no operating trustee, examiner, or statutory committee has been appointed in the case by the United States Trustee.

7.      The Debtor is a corporation specializing in aquaculture, with a focus on purchasing and farm raising locally sourced eels.  The Debtor operates from its office and industrial facility located at 186 One Pie Road, Waldoboro, Maine.

8.      In the ordinary course, the Debtor receives utility services (collectively, the "**Utility Services**") from certain utility providers (collectively, the "**Utility Providers**") to sustain operations at and to maintain the property and its other assets, including its live eel inventory.  The Utility Services and Utility Providers, as well as the average (estimated) monthly cost for each, are as follows:

2

| Utility Provider | Utility Service | Avg. Monthly Bill |
|---|---|---|
| Central Maine Power | Electricity | $11,000 |
| Dead River | Fuel | $2,000 |
| Revision Community Impact Partners | Power (Solar) | $3,300 |

9.     Uninterrupted Utility Services are essential for the Debtor to maintain its operations and meet its obligations in this case.  Any interruption in Utility Services, even for a brief period of time, would severely, and potentially irreparably, disrupt the Debtor's operations, potentially cause damage or other harm to the property, and jeopardize the Debtor's reorganization efforts. Accordingly, it is critical to the success of the chapter 11 case and in the best interests of creditors that the Utility Services continue without interruption during the case.

**RELIEF REQUESTED**

10.     By this Motion, the Debtor seeks entry of an order granting the following relief in accordance with § 366 of the Bankruptcy Code:

A.     Determining that "adequate assurance of payment," within the meaning of § 366 of the Bankruptcy Code, has been furnished to the Utility Providers based on, inter alia, the Debtor's establishment of a segregated deposit account that shall contain, once deposited, the sum of **$10,000** for the collective benefit of the Utility Providers;

B.     Prohibiting the Utility Providers from altering, refusing, or discontinuing service to the Debtor on account of any unpaid prepetition invoices, the commencement of the chapter 11 case, or any perceived inadequacy of the proposed adequate assurance, including, without limitation, making demands for security deposits or accelerated payment terms; and

C.     Approving procedures for resolving Utility Providers' requests for additional adequate assurance of future payment and authorizing the Debtor to provide adequate assurance of future payment to the Utility Providers.

**BASIS FOR RELIEF**

A.     **Adequate Assurance Deposit and Procedures Regarding the Utility Providers.**

11.     The Debtor intends to pay its postpetition obligations, including those owed to the Utility Providers, in a timely manner.  The Debtor expects that funds on hand and revenue generated from future business operations, along with ongoing cash collateral authority, will be sufficient to pay the postpetition obligations related to the Utility Services on a timely basis through the proposed sale process.  In addition, the Debtor's reliance on crucial utility services for the operation of its business provides it with a powerful incentive to stay current on its utility obligations.  The Debtor respectfully submits that these factors, which this Court may consider when determining the amount of any adequate assurance payments, justify a finding that the proposed adequate assurance is appropriate and more than sufficient to reasonably assure future payment to the Utility Providers.

12.     To provide additional assurance of payment to the Utility Providers, the Debtor proposes depositing the amount of **$10,000** (the "**Adequate Assurance Deposit**") into a segregated account (the "**Adequate Assurance Account**") within thirty (30) days of the Petition Date.  The Adequate Assurance Deposit shall be held by the Debtor in its Adequate Assurance Account for the collective benefit of the Utility Providers as adequate assurance of future payment upon the terms approved by this Court in the order on this Motion.

13.     In addition, if any Utility Provider believes that it is entitled to additional or different adequate assurance based on individual circumstances, the Debtor requests that this Court approve the following additional procedures (the "**Adequate Assurance Procedures**"):

a.     The Debtor shall serve a copy of this Motion and any order granting the relief requested herein upon each Utility Provider within two (2) business days after entry of such order by this Court.

b.  The Debtor shall deposit the Adequate Assurance Deposit, in the amount of **$10,000**, in the Adequate Assurance Account within thirty (30) days of the Petition Date.  The Adequate Assurance Account shall not be subject to any liens and shall not be required to accrue interest.

c.  The Debtor's Adequate Assurance Deposit shall be held for the benefit of the Debtor's Utility Providers and available in the event that the Debtor fails to timely pay any of its undisputed postpetition invoices for Utility Services.

d.  The Adequate Assurance Deposit shall be returned to the Debtor immediately and without notice to any party upon reconciliation and payment by the Debtor of its Utility Providers' final invoices in accordance with applicable non-bankruptcy law following the Debtor's termination of the Utility Services.

e.  If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor in the Adequate Assurance Account, the Utility Provider must serve a request for additional assurance (the "**Additional Assurance Request**").  The Utility Provider shall serve the Additional Assurance Request so that it is received by the following parties via e-mail: (i) proposed counsel to the Debtor, Bernstein, Shur, Sawyer & Nelson, P.A. (Attn: Adam R. Prescott, aprescott@bernsteinshur.com); and (ii) counsel to the Official Committee of Unsecured Creditors (if any).

f.  Any Additional Assurance Request must: (i) be made in writing; (ii) identify the account holder's name, the account number, the type of Utility Service(s), and the location for which such services are provided; and (iii) summarize the Debtor's payment history relevant to the affected account(s), including any existing deposit and other security held by the Utility Provider.

g.  Unless and until a Utility Provider serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 of the Bankruptcy Code; and (ii) prohibited from: (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of the commencement of the Debtor's chapter 11 case, any unpaid prepetition charges, or any perceived inadequacy of the Debtor's Adequate Assurance Deposit, and (B) requiring or seeking additional assurance of payment other than the Adequate Assurance Deposit.

h.  The Debtor shall have 21 days from its receipt of an Additional Assurance Request (the "**Resolution Period**") to negotiate with the Utility Provider to resolve the Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Provider.

i.      The Debtor may resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtor determines that such Additional Assurance Request is reasonable and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case.

j.      If the Debtor determines that the Additional Assurance Request is not reasonable and the Debtor is unable to reach an alternative resolution with the Utility Provider, the Utility Provider, during or immediately after the Resolution Period, shall request a hearing (a "**Determination Hearing**") before this Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to § 366(c)(3) of the Bankruptcy Code.

k.      Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid claims or charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) the commencement of the chapter 11 case.

l.      If any provider believes that it is a Utility Provider but was not identified in this Motion as such, that provider shall be bound by the terms of the Adequate Assurance Procedures and shall be, unless and until otherwise ordered by this Court: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 of the Bankruptcy Code; and (ii) prohibited from: (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of the commencement of the chapter 11 case, any unpaid prepetition charges, or any perceived inadequacy of the proposed adequate assurance, and (B) requiring additional assurance of payment other than the Debtor's Adequate Assurance Deposit.

**B.**  **The Relief Requested is Consistent with § 366 of the Bankruptcy Code.**

14.      Congress enacted § 366 of the Bankruptcy Code to protect a debtor from immediate termination of utility services after filing for bankruptcy, while at the same time providing utility companies with adequate assurance of payment for postpetition utility services. <u>See</u> H.R. Rep. No. 95-595, at 350 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, § 366 of the Bankruptcy Code prohibits utilities from altering, refusing, or

6

discontinuing services to a debtor solely on account of unpaid prepetition amounts for a period of 30 days after a chapter 11 filing.  <u>See</u> 11 U.S.C. § 366(c)(2).

15.     Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security (<u>e.g.</u>, a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other mutually agreed upon security), while § 366(c)(1)(B) expressly excludes from such definition an administrative expense priority for a utility's claim.  In addition, § 366(c)(3)(B) of the Bankruptcy Code provides a list of factors that courts are not to consider when evaluating whether a proposed adequate assurance payment is, in fact, adequate.  The factors not to be considered are: (i) the absence of security before the petition date; (ii) a debtor's history of timely payments; and (iii) the availability of administrative expense priority.

16.     Section 366(c) requires only that a utility's assurance of payment be "adequate." Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay postpetition.  <u>See, e.g.</u>, <u>In re KeyData Corp.</u>, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) ("[A]dequate assurance of payment does not require an absolute guarantee of payment.  What is required is that the utility be protected from an unreasonable risk of nonpayment.") (internal quotations omitted); <u>In re Caldor, Inc.</u>, 199 B.R. 1, 3 (S.D.N.Y. 1996) (noting that § 366(b) "does not require an 'absolute guarantee of payment'") (citation omitted)), <u>aff'd sub nom.</u>, <u>Va. Elec. & Power Co. v. Caldor, Inc.</u>, 117 F.3d 646 (2d Cir. 1997); <u>In re Adelphia Bus. Sols., Inc.</u>, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (similar).

17.     Further, § 366(c)(2) states that "with respect to a case filed under chapter 11, a utility . . . may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor . . .

7

adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. §

366(c)(2). Section 366(c)(2), therefore, provides that, in chapter 11 cases, the debtor has 30 days

from the petition date to provide a utility with satisfactory adequate assurance, which, under § 366,

includes a cash deposit. See 11 U.S.C. § 366(c)(1)(A); see also In re Bedford Town Condo., 427

B.R. 380, 384 (D. Md. 2010) (explaining that, pursuant to § 366(c)(2), "if a debtor fails to pay the

adequate assurance required by the utility within the first thirty days of the case, the utility may

discontinue service, subject to § 366(c)(3)"); In re Beach House Prop., LLC, No, 08-11761-BKC-

RAM, 2008 WL 961498, at *2 (S.D. Fla. Apr. 8, 2008) (citing § 366(c)(2) in a chapter 11 case and

stating that "[a]s long as the debtor then pays the Court ordered amount by the 30th day, the debtor

will have complied with § 366 and the utility may not discontinue service").

18.     In determining the requisite level of adequate assurance, bankruptcy courts should

"focus upon the need of the utility for assurance, and to require that the debtor supply no more

than that, since the debtor almost perforce has a conflicting need to conserve scarce financial

resources." Va. Elec. & Power Co., 117 F.3d at 650; see also In re Penn. Cent. Transp. Co., 467

F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that utility deposits were not

necessary where such deposits likely would "jeopardize the continuing operation of the [debtor]

merely to give further security to suppliers who already are reasonably protected"). In fact, there

is nothing to prevent a court from deciding that, on the facts of the case before it, the amount

required of the debtor to provide adequate assurance of payment to a utility company should be

nominal or even zero.

19.     Here, the Utility Providers are adequately assured against any risk of nonpayment

for future services. The Debtor asserts that most, if not all, of the Utility Providers have adequate

assurance of payment, even without recourse to the Debtor's Adequate Assurance Deposit. The

Debtor anticipates having sufficient resources to pay, and intends to pay, all valid postpetition obligations for Utility Services in a timely manner, including through the Debtor's proposed postpetition loan facility. In addition, the Debtor's reliance on Utility Services to continue its operations and preserve the value of its assets provides it with a powerful incentive to stay current on its obligations. These factors, which this Court may consider when determining the amount of any adequate assurance payments, justify finding that the Debtor is not required to make any additional adequate assurance payments in the chapter 11 case.

20. Further, the Adequate Assurance Procedures are necessary for the Debtor to implement its chapter 11 going-concern sale strategy without unnecessary and costly disruptions on account of discontinued Utility Services. If the Adequate Assurance Procedures are not approved through an order, the Debtor may be confronted with and forced to address numerous requests by the Utility Providers at a critical time for its reorganization. Moreover, the Debtor could be blindsided by a Utility Provider alleging that it is not adequately protected, and, therefore, either is entitled to make an exorbitant demand for payment to continue providing service or discontinue providing service to the Debtor altogether. Such an outcome would jeopardize the Debtor's ability to continue operating and successfully complete its chapter 11 goals.

21. Under the circumstances of the case, the Debtor asserts that the establishment of a cash reserve in the form of the Adequate Assurance Deposit, combined with the Debtor's payment for the Utility Services in the ordinary course postpetition, constitutes adequate assurance of payment under § 366(c) of the Bankruptcy Code.

## **NOTICE**

22. Notice of this Motion was served on the following parties on the date and in the manner set forth in the certificate of service: (a) the U.S. Trustee; (b) the Debtor's secured

creditors, or, if applicable, to counsel representing such creditors; (c) the non-insider holders of

the twenty largest unsecured claims against the Debtor or, if applicable, to counsel representing

such holders; (d) applicable federal and state taxing authorities; (e) all parties that have filed a

notice of appearance or requested notice in the case; and (f) the Utility Providers.

### REQUEST FOR WAIVER OF STAY

23.     The Debtor seeks, to the extent applicable, a waiver of any stay of the effectiveness

of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing

the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days

after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth

above, the relief requested herein is essential to prevent irreparable damage to the Debtor's

operations, going-concern value, and its efforts to pursue a going-concern sale of its business.

Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay

imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

### RESERVATION OF RIGHTS

24.     Nothing contained herein is intended or should be construed as an admission as to

the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any

claim, or an approval or assumption of any agreement, contract, or lease under § 365 of the

Bankruptcy Code.  Likewise, if this Court grants the relief sought herein, any payment made

pursuant to an order of this Court is not intended to be, nor should it be construed as, an

admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently

dispute such claim.

### Request for Expedited Relief and/or Specially Set Hearing Date

25.     Section 366(c)(2) of the Bankruptcy Code provides that "with respect to a case filed

under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility

service, if during the 30-day period beginning on the date of the filing of the petition, the utility

does not receive from the debtor or the trustee adequate assurance of payment for utility service

that is satisfactory to the utility." The 30[th] day from the Petition Date is October 29, 2025.

Accordingly, so that the Debtor may comply with Section 366, the Debtor requests that this Court

either (1) approve an expedited hearing on this Motion for the standing hearing date of October

16, 2025, or (2) specially set a hearing on this Motion on or before October 29, 2025, with a

corresponding objection deadline to be established by the Court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this

Court enter the proposed order, substantially in the form filed herewith, granting the relief

requested herein, and grant such other and further relief as is just and proper.

Dated:   October 3, 2025                         Respectfully submitted,
                                                 **BERNSTEIN, SHUR, SAWYER &**
                                                 **NELSON, P.A.**

                                                 */s/ Adam R. Prescott*
                                                 Adam R. Prescott, Esq.
                                                 Sam Anderson, Esq.
                                                 100 Middle Street
                                                 PO Box 9729
                                                 Portland, Maine 04104
                                                 Telephone: (207) 774-1200
                                                 Facsimile: (207) 774-1127
                                                 aprescott@bernsteinshur.com
                                                 sanderson@bernsteinshur.com

                                                 *Proposed Counsel to the Debtor and Debtor-in-*
                                                 *Possession*