**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-10180 |

**ORDER: (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (II) APPROVING THE FORM OF ADEQUATE ASSURANCE PROPOSED BY THE DEBTOR; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING CERTAIN DISPUTES REGARDING UTILITIES**

Upon the above-referenced motion [Docket No. ___] (the "**Motion**") filed by the Debtor;[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all its undisputed invoices for Utility Services rendered by the Utility Providers to the Debtor after the Petition Date.

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

2

3. The Adequate Assurance Deposit and the Debtor's ability to pay for future Utility Services in the ordinary course of business, subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required under § 366 of the Bankruptcy Code.

4. The following Adequate Assurance Procedures are hereby approved and shall apply in this case:

    a. The Debtor shall serve a copy of this Order upon each Utility Provider within two (2) business days after entry of this Order.

    b. The Debtor shall deposit the Adequate Assurance Deposit, in the amount of **$10,000**, in the Adequate Assurance Account within thirty (30) days of the Petition Date. The Adequate Assurance Account shall not be subject to any liens and shall not be required to accrue interest.

    c. The Debtor's Adequate Assurance Deposit shall be held for the benefit of the Debtor's Utility Providers and available in the event that the Debtor fails to timely pay any of its undisputed postpetition invoices for Utility Services.

    d. The Adequate Assurance Deposit shall be returned to the Debtor immediately and without notice to any party upon reconciliation and payment by the Debtor of its Utility Providers' final invoices in accordance with applicable non-bankruptcy law following the Debtor's termination of the Utility Services.

    e. If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor in the Adequate Assurance Account, the Utility Provider must serve a request for additional assurance (the "**Additional Assurance Request**"). The Utility Provider shall serve the Additional Assurance Request so that it is received by the following parties via e-mail: (i) proposed counsel to the Debtor, Bernstein, Shur, Sawyer & Nelson, P.A. (Attn: Adam R. Prescott, aprescott@bernsteinshur.com); and (ii) counsel to the Official Committee of Unsecured Creditors (if any).

    f. Any Additional Assurance Request must: (i) be made in writing; (ii) identify the account holder's name, the account number, the type of Utility Service(s), and the location for which such services are provided; and (iii) summarize the Debtor's payment history relevant to the affected account(s), including any existing deposit and other security held by the Utility Provider.

    g. Unless and until a Utility Provider serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 of the Bankruptcy

3

        Code; and (ii) prohibited from: (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of the commencement of the Debtor's chapter 11 case, any unpaid prepetition charges, or any perceived inadequacy of the Debtor's Adequate Assurance Deposit, and (B) requiring or seeking additional assurance of payment other than the Adequate Assurance Deposit.

   h.    The Debtor shall have 21 days from its receipt of an Additional Assurance Request (the "**Resolution Period**") to negotiate with the Utility Provider to resolve the Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Provider.

   i.    The Debtor may resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtor determines that such Additional Assurance Request is reasonable and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case.

   j.    If the Debtor determines that the Additional Assurance Request is not reasonable and the Debtor is unable to reach an alternative resolution with the Utility Provider, the Utility Provider, during or immediately after the Resolution Period, shall request a hearing (a "**Determination Hearing**") before this Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to § 366(c)(3) of the Bankruptcy Code.

   k.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid claims or charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) the commencement of the chapter 11 case.

   l.    If any provider believes that it is a Utility Provider but was not identified in this Motion as such, that provider shall be bound by the terms of the Adequate Assurance Procedures and shall be, unless and until otherwise ordered by this Court: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 of the Bankruptcy Code; and (ii) prohibited from: (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of the commencement of the chapter 11 case, any unpaid prepetition charges, or any perceived inadequacy of the proposed adequate assurance, and (B) requiring additional assurance of payment other than the Debtor's Adequate Assurance Deposit.

5.    No money may be withdrawn from the Debtor's Adequate Assurance Account

except: (a) in compliance with the Adequate Assurance Procedures and this Order; (b) by mutual agreement of the Debtor and the applicable Utility Provider in an amount not exceeding that which is substantially proportionate to the Utility Provider's share of the Debtor's Adequate Assurance Deposit; or (c) by further order of this Court.

6. Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code § 366.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this order.

Date: _____

Michael A. Fagone
United States Bankruptcy Judge
District of Maine