**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy Case #25-10180 |
| **AMERICAN UNAGI, INC.**, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING MOTION OF DEBTOR FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING; (II) AUTHORIZING THE USE OF CASH COLLATERAL; (III) GRANTING LIENS AND SUPER-PRIORITY CLAIMS; (IV) GRANTING ADEQUATE PROTECTION; (V) GRANTING REQUEST FOR EXPEDITED DETERMINATION AND REQUEST FOR LIMITATION OF NOTICE; AND (VI) SCHEDULING A FINAL HEARING**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 363(a) and 552(b), William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this limited objection and reservation of rights regarding the *Motion of Debtor: (A) for Entry of an Order: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Authorizing the Use of Cash Collateral; (III) Granting Liens and Super-Priority Claims; (IV) Granting Adequate Protection; (V) Granting Request for Expedited Determination and Request for Limitation of Notice; and (VI) Scheduling a Final Hearing* (the "**CC/DIP Motion**") [ECF No. 2] as follows:

1. On September 29, 2025, American Unagi, Inc. ("**Debtor**") filed a voluntary chapter 11 petition with the Court. [ECF No. 1]

2. On that date, the Debtor also filed several first day motions, including the CC/DIP Motion, seeking expedited and interim relief regarding cash collateral and post-petition financing.

3. The first interim order authorizing the use of cash collateral through October 16, 2025, was entered after a hearing on October 2, 2025. [ECF No. 40]. That order required the Debtor to file a proposed interim order and revised budget if applicable by October 9, 2025, set an objection deadline of October 14, 2025, and scheduled a final cash collateral hearing for October 16, 2025. *Id*.

4. On October 9, 2025, the Debtor filed its proposed order authorizing postpetition financing, the use of cash collateral, and related relief (the "Proposed Order"). [ECF No. 40]

5. On October 10, 2025, the UST filed a notice of Appointment of Committee of Unsecured Creditors (the "Committee"). Upon good faith information and belief, the Committee has not yet hired counsel.

6. The United States Trustee and the Debtor engaged in discussions regarding the pending CC/DIP Motion and the Proposed Order in an attempt to resolve some issues and concerns the UST has raised.

7. After those discussions, the UST believes that some if not all of the UST's issues can be resolved prior to or at the hearing on the Proposed Oder, including:

   a. The Proposed Order at ¶ 8 contains a carve out for certain professional fees, including the Debtor's proposed counsel ($150,000), Ripcord Consulting ($35,000) and a broker to be retained by the Debtor up to its allowed commission. The carve out does not currently provide for professionals if any employed by the Committee. The Proposed Order also does not contain a challenge period for a Committee to review the claims and liens of secured creditors.

   b. The Proposed Order also provides for "Budgeted Professional Fee Payments" as set forth in the Budget attached to the Proposed Order as Exhibit A (the "Budget"). On October 2, 2025, the Debtor filed a motion seeking approval of procedures for the payment of interim compensation to professionals (the "Interim Comp Motion"). In summary, the Interim Comp Motion seeks authority for professionals to submit monthly fee and expense statements and, if no timely objection is served, for the Debtor to pay ninety percent (90%) of the fees and one hundred percent (100%) of the expenses. Although the UST

    has some issues with the terms and mechanics of the Interim Comp Motion and will hopefully be able to resolve those with the Debtor, the UST does not have objection generally to an interim compensation procedure in this case. Against that backdrop, however, the UST objects to the Budgeted Professional Fee Payments in addition to the interim compensation contemplated by the Interim Comp Motion. The Interim Comp Motion serves the purpose of ensuring that professionals will be timely paid for services provided and expenses incurred, and the Budgeted Professional Fee Payments set forth in the Budget attached to the Proposed Order create issues that the UST raised at the October 2, 2025 hearing regarding estate assets no longer being held in estate accounts, and because the payment of those fees and expenses when not yet due will cause the Debtor to draw down on its line of credit and incur unnecessary fees and costs.

  c. The UST is concerned that the case is proceeding quickly and some of the deadlines are too tight and may deprive parties in interest of notice and the opportunity to be heard with respect to critical issues in this case. Some deadlines related to bid procedures are incorporated into the Proposed Order. On October 1, 2025, the Debtor filed its motion for an order approving bid procedures and a sale of substantially all the Debtor's assets. The deadline for objecting to the bid procedures order is tomorrow, October 15, 2025, however, many of the terms of the bid procedures are included in the Proposed Order (certain "Milestones," default provisions and remedies). The Milestones deadlines provide very limited notice and opportunity to be heard regarding the terms of the final Asset Purchase Agreement, the Successful Bidder, and the assumed and assigned contracts. (Bid deadline is November 18, 2025, Auction is November 19, 2025, Sale Objection and Assumed Contracts Deadline November 20, 2025, at 10 am, Sale Hearing November 20, 2025, at 1 pm.). The Debtor and the UST discussed providing some additional time for objections.

  d. The Proposed Order contains several provisions for notice to be provided to parties in interest but because the Proposed Order was submitted prior to the formation of the Committee, the notice provisions do not currently include the Committee or counsel.

8. Because the deadline for objecting to the Proposed Order is today, the UST files this limited objection, noting that the UST and the Debtor are attempting to work though and narrow if not eliminate some of these issues prior to the October 16, 2025 hearing.

9. The United States Trustee reserves the right to raise any additional objections to any revised or new proposed order presented prior to or at the October 16, 2025 hearing.

3

WHEREFORE, the United States Trustee submits this Objection to and Reservation of Rights regarding the CC/DIP Motion and Proposed Order.

.

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

Dated: October 14, 2025        By:  /s/ *Sandra Nicholls*
                                                          Sandra Nicholls
                                                          Acting Assistant U.S. Trustee
                                                          U.S. Department of Justice
                                                          Office of the U.S. Trustee
                                                          U.S. Courthouse
                                                          One Exchange Terrace, Suite 431
                                                          Providence, RI  02903
                                                          401-528-5553
                                                          sandra.nicholls@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2025, I electronically filed the above Limited Objection and Reservation of Rights with the Clerk of the Bankruptcy Court for the District of Maine using the CM/ECF System.  True and correct copies of the foregoing were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, and by email to the committee members.

                                                                                 /s/ *Sandra Nicholls*
                                                                                 Sandra Nicholls