UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: | ) <br> ) <br> ) Bankruptcy Case #25-10180 <br> ) <br> **AMERICAN UNAGI, INC.,** ) <br> ) Chapter 11 <br> ) <br> Debtor. ) <br> ) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (A) APPROVING BID PROCEDURES, (B) SCHEDULE AUCTION AND SALE HEARING, (C) APPROVING FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CONTRACT AND LEASES, AND (E) GRANTING RELATED RELIEF**

William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this limited objection and reservation of rights regarding the *Motion of Debtor: Debtor's Motion For Entry Of An Order: (A) Approving Bid Procedures, (B) Schedule Auction And Sale Hearing, (C) Approving Form And Manner Of Notice Thereof, (D) Approving Procedures For Assumption And Assignment Of Contract And Leases, And (E) Granting Related Relief* (the "**Bid Procedures Motion**") [ECF No. 16], as follows:

1. On September 29, 2025, American Unagi, Inc. ("**Debtor**") filed a voluntary chapter 11 petition with the Court. [ECF No. 1]

2. On October 1, 2025, the Debtor filed the Bid Procedures Motion combined with a motion to sell, seeking, among other things, approval of certain bid procedures for the sale of substantially all the Debtor's assets through a bidding and auction process.

3. The Court granted the Debtor's request to shorten the time for responding to the Motion to October 15, 2025.

4.  On October 10, 2025, the UST filed a notice of Appointment of Committee of Unsecured Creditors (the "Committee"). Upon good faith information and belief, the Committee is in the process of potentially hiring counsel.

5.  The UST consulted with counsel for the Debtor regarding certain terms of the Bid Procedures Motion, the proposed order attached thereto ("Proposed Order"), and the Bid Procedures attached to the proposed order as Exhibit 1 (the "Bid Procedures"). Although the UST and the Debtor have resolved certain issues, on the shortened time frame, they haven't yet been able to incorporate those agreements into a modified proposed order or modified bid procedures. Moreover, they were unable to reach a resolution regarding other provisions, some which require lender approval that has not yet been provided, and some which involve scheduling changes that will require accommodation dependent upon this Court's calendar,[1] including:

   a. The Bid Procedures provide at ¶ B.2 that the Lenders have the right to credit bid in accordance with § 363(k) and shall be deemed Qualified Bidders, and at ¶ F that the Lenders are included in the definition of Consultation Parties. The Bid Procedures further provide that the Debtor and their professionals shall consult with the Consultation Parties throughout the Auction process. ¶ C.4. The Bid Procedures further provide that the Debtor must consult with the Consultation Parties as to multiple issues relating to bidding, some of which are crucial to the process, including for example, the determination of whether a bidder is a "Qualified Bidder." ¶ B. (n), who will be declared the Successful Bidder and the Backup Bidder , ¶ C. 1, ¶. 8, the determination that the Auction should terminate because there is a highest and best Qualified Bid. ¶ C. 7. The UST believes based upon discussions with Debtor's counsel that the Lenders in this case are not going to credit bid, or that language can be added to consensually resolve the UST's objection with respect to this issue.

   b. As was noted in the UST's limited objection [ECF No. 62] to the Cash Collateral/DIP Motion [ECF No. 2], the case is proceeding quickly and some of the deadlines contained in the Bid Procedures are too tight and may deprive parties in interest of notice and the opportunity to be heard with respect to critical issues in this case, including the terms of the final Asset Purchase Agreement, the Successful Bidder, and the assumed and assigned contracts.

---

[1] Capitalized terms referenced herein have the meaning ascribed to them in the Motion, Revised Order and Revised Bid Procedures. KeyBank, N.A. and for Camden National Bank are collectively referred to herein as the "Banks".

2

(Bid deadline is November 18, 2025, Auction is November 19, 2025, Sale Objection and Assumed Contracts Deadline November 20, 2025, at 10 am, Sale Hearing November 20, 2025, at 1 pm.). The Debtor and the UST discussed changing some dates, which changes are awaiting lender approval and a determination as to whether the Court's calendar can accommodate these extended deadlines which will delay the sale hearing currently set for November 20, 2025.

c. The Bid Procedures technically do not require the Debtor to file a notice of the terms of the Successful Bid(s) and Backup Bid(s) until after the Sale Hearing (Auction currently scheduled for November 18, 2025, Sale Hearing November 20, 2025, ¶ 9 of Bid Procedures allows Debtor two (2) business days after conclusion of the Auction to file the notice of the terms and identify of the Successful and Backup Bids/Bidder). The UST believes based upon discussions with Debtor's counsel that the terms can be modified to consensually resolve the UST concerns with respect to this issue.

d. The waiver of Bankruptcy Rules 6004(h) and 6006(d) (proposed order ¶ 14), combined with the shortened time frame of possibly less than 24-hours to object to the Sale (proposed order ¶¶ 4, 8, and 12) and with the provision that any objection not received by 10:00 am the day after the Auction is "forever barred from objecting to the Sale, at the Sale Hearing or otherwise," and may be deemed consent under § 363(f) (proposed order ¶ 12), deprives parties in interest of notice and the opportunity to be heard. Again, these issues may be resolved by consent if the deadlines contained in the Bid Procedures Motion, Bid Procedures, and Proposed Order are extended.

6. Because the deadline for objecting to the Bid Procedures Motion is today, the UST files this limited objection, noting that the UST and the Debtor are attempting to work though and narrow if not eliminate some of these issues prior to the October 16, 2025 hearing.

7. The United States Trustee reserves the right to raise any additional objections to any revised or new proposed order presented prior to, at or after the October 16, 2025 hearing.

WHEREFORE, the United States Trustee submits this Limited Objection to and Reservation of Rights regarding the Bid Procedures Motion and proposed order.

        Respectfully submitted,

        WILLIAM K. HARRINGTON,
        UNITED STATES TRUSTEE

Dated: October 15, 2025        By: /s/ *Sandra Nicholls*
                                                   Sandra Nicholls
                                                   Acting Assistant U.S. Trustee
                                                   U.S. Department of Justice
                                                   Office of the U.S. Trustee
                                                   U.S. Courthouse
                                                   One Exchange Terrace, Suite 431
                                                   Providence, RI  02903
                                                   401-528-5553
                                                   sandra.nicholls@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2025, I electronically filed the above Limited Objection and Reservation of Rights with the Clerk of the Bankruptcy Court for the District of Maine using the CM/ECF System.  True and correct copies of the foregoing were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, and by email to the committee members.

                                                   /s/ *Sandra Nicholls*
                                                   Sandra Nicholls