**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**AMERICAN UNAGI, INC.,**[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 25-20160 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTOR'S MOTION OF DEBTOR FOR ENTRY OF AN ORDER ON AN INTERIM AND THEN FINAL BASIS: (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO § 364 OF THE BANKRUPTCY CODE; (II) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO § 363 OF THE BANKRUPTCY CODE; (III) GRANTING LIENS AND SUPER-PRIORITY CLAIMS; (IV) GRANTING ADEQUATE PROTECTION (V) GRANTING REQUEST FOR EXPEDITED DETERMINATION AND REQUEST FOR LIMITATION OF NOTICE REGARDING THE FIRST HEARING THEREON; AND (VI) SCHEDULING A FINAL HEARING**

The Official Committee of Unsecured Creditors (the "Committee") of American Unagi, Inc. (the "Debtor"), by and through undersigned counsel, files this objection (the "Objection"), to the Debtors' *Motion of Debtor for Entry of an Order on an Interim and Then Final Basis: (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to § 364 of the Bankruptcy Code; (II) Authorizing the Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code; (III) Granting Liens and Super-Priority Claims; (IV) Granting Adequate Protection; (V) Granting Request for Expedited Determination and Request for Limitation of Notice Regarding the First Hearing Thereon; and (VI) Scheduling a Final Hearing* [Dkt. No. 2] (the "Financing Motion").[2] In further response to the Motion, the Committee respectfully states as follows:

---

[1]     The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Financing Motion.

25170838.v2

**OBJECTION**

1.  On September 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  The Debtor filed the Financing Motion on the Petition Date.

3.  On October 3, 2025, the Court entered an order (the "Interim Order") [Dkt. No. 40] approving the Financing Motion on an interim basis only and scheduling a final hearing on the Financing Motion for October 16, 2025 at 1:00 p.m.

4.  On Friday, October 10, 2025 at approximately 3:00 p.m. (prevailing Eastern time), the United States Trustee filed a notice of appointment appointing the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 59]. No formation meeting was scheduled, and the Committee did not hold its first organizational meeting until the morning of Wednesday, October 15, 2025. On the afternoon of Wednesday, October 15, 2025, the Committee selected Dentons to serve as its bankruptcy counsel in connection with this chapter 11 case.[3]

5.  Due to these circumstances, the Committee was unable to file a timely objection to the Financing Motion by the applicable deadline set in the Interim Order, October 14, 2025. Accordingly, the Committee respectfully requests that the Court consider the issues raised in this Objection despite the tardiness of the Objection.

6.  With respect to the substance of the Financing Motion, the Committee joins in and support the objections raised by the United States Trustee in the United States Trustee's timely filed objection [Dkt. No. 62].

7.  More specifically, the Committee raises the following objections to the Financing Motion:

---

[3] An application for the retention of Dentons as counsel to the Committee will be forthcoming.

2

25170838.v2

8. *First*, the Proposed Order [Dkt. No. 57] includes stipulations in paragraphs K and L (regarding the amount, validity, perfection, and non-avoidability of pre-petition liens and secured claims held by the Lenders) that appear to bind the Committee. The Proposed Order states that "**THE DEBTOR, ON BEHALF OF ITSELF AND ITS ESTATE, STIPULATES AND AGREES TO THE FOLLOWING . . . .**" (emphasis in original). To the extent that the Committee is bound by these findings and stipulations, the Committee objects. The Committee has not had an opportunity to diligence the pre-petition claims and liens of the Lenders and requires adequate time to do so. The proposed findings and stipulations should be modified to clarify that they do not bind the Committee or limit remedies available on behalf of the estate. At a minimum, any final order should include a customary challenge period to permit the Committee perform an investigation into pre-petition secured claims and liens. The Committee further requests that any deadline as to non-avoidability of the Lenders' pre-petition liens be set for a reasonable time *after* the conclusion of sale proceedings to defer exploration of potentially costly valuation issues.

9. *Second*, and relatedly, paragraph 6 of the Proposed Order states that "No Cash Collateral or DIP Loan proceeds may be used to investigate or prosecute any challenge or claim related to the Lenders or their respective claims or liens against the Debtor or the estate." In conjunction with the lack of a challenge period and Carve Out for the benefit of Committee professionals (as noted below), the inability for the Committee to use Cash Collateral or DIP Loan proceeds to investigate or bring an appropriate challenge to the Lenders' claims and liens unreasonably binds the Committee. The Committee should be permitted conduct investigations and, if warranted, prosecute a challenge against the Lenders if it determines that it is in the best interest of unsecured creditors to do so. It is unclear to the Committee at this time whether there is any source of funds other than Cash Collateral or DIP Loan proceeds to support such work. If

25170838.v2

there is not, the result would be to effectively limit the Committee from carrying out its fiduciary duties in this case. Moreover, given the Debtor's proposed stipulations, the Committee should be granted derivative standing now to bring such a challenge, in order to conserve scarce estate resources.

10. *Third*, the Committee respectfully requests that the Court decline to approve of proposed financing unless the Budget [Dkt. No 57-1] is amended to provide for a Carve Out for the benefit of the Committee's professionals in an appropriate amount or for all professionals to share ratably in any Carve Out that is available. In order to meaningfully participate in this chapter 11 case, the Committee requires representation by qualified and experienced restructuring professionals. Without an adequate Carve Out to protect fees incurred by its professionals in the administration of this case—something that the DIP Lender has agreed to provide for the benefit of the Debtor's legal professionals, contracted chief financial officer, and investment banker—the Committee's ability to participate in this case and carry out its fiduciary obligations for unsecured creditors will be greatly diminished.

11. *Fourth*, the Committee objects to the inclusion of waivers of the right to surcharge collateral of the Lenders under section 506(c) of the Bankruptcy Code, the equitable doctrine of marshaling, and the equities of the case exception under section 552 of the Bankruptcy Code in a final order approving the Financing Motion. While the Committee recognizes that these types of waivers are common in chapter 11 cases, they are often given to a lender where the lender agrees up-front to fund the costs of running a case. Here, based on the issues raised above, the Committee does not believe that such waivers are warranted or appropriate given that the DIP Lender has not agreed to fully fund the anticipated and foreseeable costs of administering this case. Absent an adequate Carve Out for Committee professionals and preservation of the ability for the Committee

4

to bring appropriate challenges to the Lenders' claims and liens, the Lenders should not also be permitted to constrain the estate from seeking to recover costs as permitted by applicable law.

12. *Fifth*, and as raised separately in an objection to the *Debtor's Motion for Entry of: (I) Order (A) Approving Bid Procedures, (B) Scheduling Auction and Sale Hearing, (C) Approving Form and Manner of Notice Thereof, (D) Approving Procedures for Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief; (II) Order (A) Approving Sale of Substantially All Assets Free and Clear, (B) Authorizing Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* (the "Bid Procedures Motion") [Dkt. No. 16], the Committee shares in the United States Trustee's concern that these cases are moving too quickly and that the proposed timeline prejudices the ability of parties in interest to meaningfully participate and be heard on important issues. Therefore, the Committee objects to entry of a final order that includes as an Event of Default a failure by the Debtor to satisfy a Sale Milestone on the timeline presently proposed. In addition, the Proposed Order includes any default under the RSA as a cross-default under the DIP Loan. Presently, the Committee has not had the opportunity to review the RSA to confirm whether this is appropriate and a reasonable exercise of the Debtor's business judgment and, therefore, objects to the same.

13. *Sixth*, the Proposed Order contains various requirements for the provision of notices and reporting to parties in interest. *See*, *e.g.*, ¶ 7(a), (e), (f). In order to fulfill its statutory duties to investigate the Debtors' businesses and financial affairs, monitor the sale process, and be heard on any issue, the Committee respectfully requests that any order granting the Financing Motion specifically require that all reporting and notices be provided to the Committee. *See* 11 U.S.C. §§ 1103(c)(2), (5), 1109(b).

14. *Finally*, based on the rapid pace of this chapter 11 case and the timing of the Committee's formation, the Committee objects to entry of a final order on the Financing Motion at this time and respectfully requests that the Court grant any relief on an interim basis only, subject to a further hearing and opportunity to object. This case was filed only 16 days ago, and the Committee's counsel has, as of the filing of this Objection, had less than 12 hours to begin to review and understand issues in this case. Further, the Committee's counsel has not had an opportunity to confer with counsel to any other party regarding whether any of the issues identified herein may be resolved on consensual basis. The Committee anticipates that some of these issues—and others that may be identified by the Committee in this case—may be resolved consensually and without the need for a contested hearing if the Court grants any relief on a further interim basis, with a short window of time for parties to confer prior to a final hearing on the Financing Motion.

## RESERVATION OF RIGHTS

15. The Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Financing Motion. The Committee further reserves the right to supplement, modify, or amend this Objection or raise additional objections orally or in writing at any hearing on the Financing Motion.

## COMPLIANCE WITH LOCAL RULE 9013-1(c)(2)

16. To the extent that Local Rule 9013-1(c)(2) requires the Committee to admit or deny any factual allegations in the Financing Motion, the Committee requests that the Court waive this requirement for the reason that the Committee lacks knowledge or information sufficient to form a believe about the truth or falsity of such allegations.

|  |  |
|---|---|
| Dated: October 15, 2025 | */s/ Andrew C. Helman*<br>Andrew C. Helman<br>Kyle D. Smith<br>Troy A. Lawrence (*pro hac vice* forthcoming)<br>Dentons Bingham Greenebaum LLP<br>One City Center, Suite 11100<br>Portland, Maine 04101<br>Telephone:     (207) 810-4955<br>Email: andrew.helman@dentons.com<br>           kyle.d.smith@dentons.com<br>           troy.lawrence@dentons.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

## **CERTIFICATE OF SERVICE**

      I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: October 15, 2025          Respectfully submitted,

                                              **DENTONS BINGHAM GREENEBAUM LLP**

                                              */s/ Andrew C. Helman*
                                              Andrew C. Helman
                                              Kyle D. Smith
                                              Troy A. Lawrence (*pro hac vice* forthcoming)
                                              Dentons Bingham Greenebaum LLP
                                              One City Center, Suite 11100
                                              Portland, ME  04101
                                              Phone: (207) 810-4955
                                              Email: andrew.helman@dentons.com
                                                          kyle.d.smith@dentons.com
                                                          troy.lawrence@dentons.com

                                              *Counsel for the Official Committee of Unsecured Creditors*

25170838.v2