**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**AMERICAN UNAGI, INC.,**[1]<br><br>　　　Debtor. | Chapter 11<br><br>Case No. 25-10180 |

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION AND RESERVATION OF
RIGHTS TO THE DEBTOR'S MOTION FOR ENTRY OF: (I)
ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING
AUCTION AND SALE HEARING, (C) APPROVING FORM AND MANNER
OF NOTICE THEREOF, (D) APPROVING PROCEDURES FOR ASSUMPTION
AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (E) GRANTING
RELATED RELIEF; (II) ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL
ASSETS FREE AND CLEAR, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT
OF CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF**

　　　The Official Committee of Unsecured Creditors (the "Committee") of American Unagi, Inc. (the "Debtor"), by and through undersigned counsel, files this objection (the "Objection"), to the Debtors' *Motion for Entry of: (I) Order (A) Approving Bid Procedures, (B) Scheduling Auction and Sale Hearing, (C) Approving Form and Manner of Notice Thereof, (D) Approving Procedures for Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief; (II) Order (A) Approving Sale of Substantially All Assets Free and Clear, (B) Authorizing Assumption and Assignment of Contracts and Leases, and; (C) Granting Related Relief* (the "Motion")[2] [Dkt. No. 16]. In further response to the Motion, the Committee respectfully states as follows:

---

[1]　　　The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2]　　　Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

25170879.v3

**OBJECTION**

1.      On September 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor filed the Motion on October 1, 2025.

3.      On Friday, October 10, 2025 at approximately 3:00 p.m. (prevailing Eastern time), the United States Trustee filed a notice of appointment appointing the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 59]. No formation meeting was scheduled, and the Committee did not hold its first organizational meeting until the morning of Wednesday, October 15, 2025. On the afternoon of Wednesday, October 15, 2025, the Committee selected Dentons to serve as its bankruptcy counsel in connection with this chapter 11 case.

4.      Due to these circumstances, the Committee was unable to file a timely objection to the Motion by the applicable deadline, October 15, 2025 at 12:00 p.m. The Committee respectfully requests that the Court consider the issues raised in this Objection despite the tardiness of the Objection.

5.      Pursuant to the Motion, the Debtor requests that the Court (A) first enter an Order approving the Bid Procedures in connection with the potential sale of substantially all of the Debtor's assets and (B) then enter an order approving a sale of substantially all of the Debtor's assets.

6.      The Debtor's proposed Bid Procedures include certain "Milestones," which set the following deadlines for key events: (i) a Bid Deadline of November 18, 2025; (ii) an Auction to be held on November 19, 2025; (iii) a Sale Objection Deadline of November 20, 2025 at 10:00 a.m., and; (iv) a Sale Hearing to be held on November 20, 2025, at 1:00 p.m.

25170879.v3

7. On October 14, 2025, the United States Trustee filed a *Limited Objection and Reservation of Rights Regarding Motion of Debtor for Entry of an Order: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Authorizing the Use of Cash Collateral; (III) Granting Liens and Super-Priority Claims; (IV) Granting Adequate Protection; (V) Granting Request for Expedited Determination and Request for Limitation of Notice; and (VI) Scheduling a Final Hearing* ("UST Objection") [Dkt. No. 62]. Therein, the United States Trustee noted its concern that the deadlines in the Motion are too tight and provide limited notice and opportunity to be heard regarding the terms of the final sale of substantially all of the Debtor's assets.

8. The Committee objects to the Motion for substantially similar reasons set forth in the UST Objection, as well as others. For example, the deadlines set forth in the Bid Procedures Order appear designed to favor speed over value without providing any reasonable justification for such a rushed timeline. The Debtor requests a Bid Deadline be set for November 18, 2025, giving the Debtor only about one month to market its assets with no stalking horse to set a floor for value at an auction (which is also concerning to the Committee).[3] Absent extraordinary and compelling circumstances, the Committee believes that a timeline of 60 to 90 days would be more appropriate, would permit the Debtor to adequately market its assets to all potentially interested buyers, and would increase the likelihood of maximizing value for the benefit of all parties in interest. However, the Debtor has not identified any extraordinary and compelling circumstances or suggested there was robust pre-petition marking—instead the Motion states the Debtor conducted "limited pre-petition marketing." Motion at ¶ 15.

---

[3] As noted, the Committee is also concerned that there is stalking horse setting a floor for auction values. While the Debtor reserves the right to seek approval to designate a stalking horse later, it seems unlikely to occur on the present timeline.

3

25170879.v3

9. Not only is the marketing period unnecessarily short, but other proposed deadlines are unworkable. For example, parties would likely benefit from having a business day between the Bid Deadline and the Auction in the event of any disputes over what constitutes a Qualified Bid and whether an interested bidder may participate at the Auction. In a similar vein, the Sale Objection Deadline and Assumed Contracts Objection Deadline—only 24 hours after the beginning of the Auction and *two hours* before the Sale Hearing—simply do not provide the Committee or any other party (including the Court) adequate time to determine whether to object to a proposed sale or fairly consider any objections thereto.

10. Finally, as to the mechanics of the Auction process, the Committee requests that the Court provide guidance as to whether the Auction can be cancelled by the Debtor (unilaterally or in consultation with the Consultation Parties) and, if that occurs, the procedures to be followed thereafter, which should include a status conference to be scheduled now to establish further deadlines, if necessary.

11. The Committee has no interest in hampering a sale and marketing process—and, in fact, supports having a marketing process begin in earnest now. However, it appears that the Bid Procedures, as proposed, are designed to favor a rapid sale over a transparent, value-maximizing process. In all likelihood, the parties that will pay the cost for this balance are not the Debtor and pre-petition lenders, but instead will be unsecured creditors. Accordingly, the Committee respectfully requests that the Court continue the hearing on the Motion for a reasonable amount of time so as to give the Committee a meaningful opportunity to confer with other parties regarding the Bid Procedure Motion and the Bid Procedures and work to consensually resolve issues to the extent possible.

4

## RESERVATION OF RIGHTS

12. The Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Financing Motion. The Committee further reserves the right to supplement, modify, or amend this Objection or raise additional objections orally or in writing at any hearing on the Financing Motion.

## COMPLIANCE WITH LOCAL RULE 9013-1(c)(2)

13. To the extent that Local Rule 9013-1(c)(2) requires the Committee to admit or deny any factual allegations in the Motion, the Committee requests that the Court waive this requirement for the reason that the Committee lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations.

Dated: October 15, 2025

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy Lawrence (*pro hac vice* forthcoming)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, Maine 04101
Telephone:   (207) 810-4955
Email: andrew.helman@dentons.com
       kyle.d.smith@dentons.com
       troy.lawrence@dentons.com

*Counsel to the Official Committee of Unsecured Creditors*

25170879.v3

## CERTIFICATE OF SERVICE

  I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: October 15, 2025      Respectfully submitted,

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence (*pro hac vice* forthcoming)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 810-4955
Email: andrew.helman@dentons.com
   kyle.d.smith@dentons.com
   troy.lawrence@dentons.com

*Counsel for the Official Committee of Unsecured Creditors*

25170879.v3