**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**AMERICAN UNAGI, INC.,**[1]<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 25-10180** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the *Motion for Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. ——20] (the "**Motion**") filed by the Debtor;[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in separate Orders of this Court, the Professionals may seek postpetition, monthly interim compensation in accordance with the

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.
[2] Capitalized terms used, and not otherwise defined herein, shall have the meanings ascribed to them in the Motion.

following Interim Compensation Procedures:

(a) **Submissions and Monthly Statements.** Not earlier than the fifth (5th) day of each month following the month for which compensation is sought (provided that a Professional may include in its initial request compensation and expenses from the Petition Date through the end of the "stub" month for which the initial request is being made), each Professional seeking compensation pursuant to the Interim Compensation Procedures may serve a monthly fee and expense statement via e-mail (the "**Monthly Fee Statement**") upon the following persons (collectively, the "**Notice Parties**"):

   (i) Proposed counsel to the Debtor, Sam Anderson (sanderson@bernsteinshur.com) and Adam R. Prescott (aprescott@bernsteinshur.com);

   (ii) Counsel to the Office of the United States Trustee, Ann Marie Dirsa and Sandra Nicholls (Ann.Marie.Dirsa@usdoj.gov, Sandra.Nicholls@usdoj.gov);

   (iii) ~~Counsel~~Proposed counsel to the Official Committee of Unsecured Creditors ~~(if any~~, Andrew Helman (andrew.helman@dentons.com);

   (iv) Counsel to Finance Authority of Maine, Jeremy Fischer (JFischer@dwmlaw.com) and Kellie Fisher (KFisher@dwmlaw.com);

   (v) Counsel to Maine Community Bank, Andrew Sparks (asparks@ddlaw.com); and

   (vi) Any other party this Court may so designate.

(b) **No Filing with the Court.** Each Monthly Fee Statement shall not be filed with this Court. Professionals are required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, except as may be modified by a Court order.

(c) **Content of Monthly Fee Statement.** Each Monthly Fee Statement shall contain an itemization of time spent and the applicable hourly rate. All timekeepers must maintain contemporaneous time entries in increments of one-tenth (1/10th) of an hour, except as otherwise ordered by this Court. Each Monthly Fee Statement must contain a reasonably detailed summary of the fees sought by task and a list of individuals and their respective positions who provided services during the statement period, including: (i) their respective billing rates; (ii) in the case of attorneys, their respective year of graduation from law school; and (iii) the

aggregate hours spent by the individual during the period for which compensation is requested.

(d)  **Review Period.**  Each party receiving a Monthly Fee Statement shall have fourteen (14) days after service of the Monthly Fee Statement to serve an objection (the "**Objection Period**") in accordance with the Interim Compensation Procedures.

(e)  **Payment.**  In the absence of a timely served objection, the Debtor shall promptly pay each Professional an amount (the "**Interim Payment**") equal to the lesser of: (i) ninety percent (90%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement; or (ii) ninety percent (90%) of the fees and 100 percent (100%) of the expenses not subject to any timely served partial objection, provided that all Interim Payments herein shall be subject to, and consistent with, this Court's orders regarding the use of cash collateral and related budgets.

(f)  **Objections**.

   (i)  If any party objects to a Monthly Fee Statement, it must do so in writing (the "**Notice of Objection to Monthly Fee Statement**") and must serve the Notice of Objection to Monthly Fee Statement, via e-mail, upon the Professional and the Notice Parties, so that the Notice of Objection to Monthly Fee Statement is received on or before the last day of the Objection Period.

   (ii)  The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

   (iii)  If a timely objection is received as to a Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and shall promptly pay the remainder of the fees and disbursements in the percentages set forth above.

   (iv)  If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Monthly Fee Statement, then the Professional and the objecting party shall serve upon the Notice Parties a statement indicating that the objection is withdrawn, in whole or in part, and describing in detail the terms of the resolution, and then the Debtor shall promptly pay in accordance with the percentages listed above that portion of the Monthly Fee Statement which is no longer subject to an objection.

   (v)  If the parties are unable to reach a resolution to the objection within twenty-one (21) days after service of the Notice of Objection to Monthly Fee Statement, the affected Professional

      may: (a) move to compel the payment with this Court, together with a request for payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "**Incremental Amount**"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or any other date and time so directed by this Court, at which time it will consider and dispose of the objection, if so requested.

  (vi)  Neither an objection to a Monthly Fee Statement, nor the failure to object thereto, shall prejudice a party's right to object to any fee application on any ground.

  (vii)  Failure of a Professional to serve a Monthly Fee Statement for any period shall not prejudice that Professional in seeking interim or final allowance of fees or expenses for that period or any other period.

3.  The Debtor shall include all payments to Professionals made pursuant to this Order on its monthly operating reports.

4.  <u>All time periods set forth in this Order shall be determined in accordance with Bankruptcy Rule 9006(a).</u>

5.  <u>Neither (A) the payment of nor the failure to pay, in whole or in part, interim compensation and reimbursement of expenses nor (B) the filing of or failure to file a Notice of Objection to Monthly Fee Statement will bind any party-in-interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals.</u>

6.  <u>All fees and expenses paid to the Professionals under these Interim Compensation Procedures are subject to disgorgement to the fullest extent permitted by applicable law until final allowance by the Court.</u>

7.  <u>All Professionals that submit Monthly Fee Statements under this Order shall file interim (or final, as applicable) fee applications not more often than every 120 days and not less</u>

often than every 180 days.

      8.    4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

      9.    5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: _____

                                          Michael A. Fagone
                                          United States Bankruptcy Judge
                                          District of Maine

| Summary report: Litera Compare for Word 11.11.0.158 Document comparison done on 10/22/2025 4:19:38 AM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://work.bssn.com/worksite_active/20861528/3 - AU  - Interim Comp Motion Final - Order.docx ||
| **Modified DMS:** iw://work.bssn.com/worksite_active/20861528/4 - AU  - Interim Comp Motion Final - Order Revised.docx ||
| **Changes:** ||
| Add | 15 |
| Delete | 5 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 20 |