*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **AMERICAN UNAGI, INC.,** | **Case No. 25-10180** |
| Debtor.[1] | |

**CONSENTED MOTION TO EXTEND THE DEADLINE FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE A CHALLENGE**

The Official Committee of Unsecured Creditors (the "Committee") of American Unagi, Inc., (the "Debtor") hereby moves (the "Motion") under Rule 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rules 9006-1 and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "Local Rules") for entry of an order extending the deadline for the Committee to file a Challenge, as further defined in the Court's *Final Order: (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to § 364 of the Bankruptcy Code; (II) Authorizing the Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code; (III) Granting Liens and Super-Priority Claims; and (IV) Granting Adequate Protection* [Dkt. No. 94] (the "Final DIP Order"),[2] solely related to the liens of the Finance Authority of Maine ("FAME") on the Debtor's personal property. The Committee has consulted with FAME regarding the relief sought by this Motion, and FAME consents to the extension of

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2] Capitalized terms used in this Motion but not otherwise defined shall have the meanings ascribed to such terms in the Final DIP Order.

25208193.v2

the deadline to file a Challenge to December 10, 2025. In further support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On the Petition Date, the Debtors filed the *Motion of Debtor for Entry of an Order on an Interim and then Final Basis: (I) Authorizing Debtor to Obtain Postpetition Financing; (II) Authorizing the Use of Cash Collateral; (III) Granting Liens and Super-Priority Claims; (IV) Granting Adequate Protection; (V) Granting Request for Expedited Determination and Request for Limitation of Notice Regarding the First Hearing Thereon; and (VI) Scheduling a Final Hearing* [Dkt. No. 2] (the "DIP Motion") requesting authority to, among other things, use Cash Collateral and borrow funds from the DIP Lender on an interim and then final basis.

4. On October 10, 2025, the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 59].

5. On October 21, 2025, the Court granted the DIP Motion and entered the Final DIP Order.

6. Paragraphs K and L of the Final DIP Order contains certain stipulations regarding the amount, priority, validity, perfection, and non-avoidability of pre-petition liens held by the DIP Lender and FAME, respectively.

25208193.v2

7. Further, the Final DIP Order afforded parties in interest, including the Committee, with the opportunity to file a Challenge to the findings and stipulations in Paragraphs K and L of the Final DIP Order, with any Challenge to be filed on or before November 7, 2025. Final DIP Order at ¶ 11.

8. On October 21, 2025, the Court entered the *Order (A) Approving Bid Procedures, (B) Scheduling Auction and Sale Hearing, (C) Approving Form and Manner of Notice Thereof, (D) Approving Procedures for Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief* [Dkt. No. 95] (the "Bid Procedures Order"), which set certain key dates and deadlines for the sale of the Debtor's assets, including scheduling a hearing to consider approval of any sale on November 26, 2025, at 11:00 a.m. (the "Sale Hearing").

9. Since entry of the Final DIP Order, the Committee has conducted a diligent and thorough investigation of the DIP Lender's and FAME's claims and liens against the Debtor. Based on this investigation, the Committee believes that there is a basis to file a Challenge regarding the perfection of FAME's liens on the Debtor's personal property. The Committee does not believe that there is a colorable basis to file a Challenge to FAME's liens on the Debtor's real property or leasehold interests. The Committee, through undersigned counsel, has discussed these issues with FAME's counsel, and understands that FAME is likely to dispute a Challenge filed by the Committee regarding the perfection of its liens on the Debtor's personal property.

10. Further, given the apparent third position of FAME's liens and pending the result of any sale of the Debtor's assets, the parties do not presently know if sale proceeds are likely to be sufficient to satisfy the senior secured claims of the DIP Lender. Consequently, it is unclear whether filing a Challenge to FAME's liens—even if meritorious—is likely to be beneficial to the estate and unsecured creditors.

**BASIS FOR RELIEF**

11. Bankruptcy Rule 9006(b)(1)(A) provides that when "a court order requires or allows an act to be performed at or within a specified period. . . the court may—at any time and for cause—extend the time to act if . . . with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires."

12. Here, there is good cause to extend the deadline for the Committee to file a Challenge solely related to FAME's liens on the Debtor's personal property. Presently, it is unclear whether the sale process, which the Debtor and its professionals are actively engaged in, is likely to result in sale proceeds that would make a Challenge beneficial to the estate. While the Committee believes that there is a colorable claim regarding FAME's liens on the Debtor's personal property, this claim may be rendered worthless if the sale process does not result in proceeds sufficient to satisfy FAME's third position liens.

13. Accordingly, the Committee and FAME share a mutual interest of avoiding the expenditure of unnecessary time and costs associated with the prosecution and defense of a Challenge that may not be valuable. Extending the deadline for the Committee to file a Challenge solely related to FAME's liens on the Debtor's personal property to December 10, 2025—the date that is two weeks after the scheduled Sale Hearing—would permit the parties to consider the results of any sale, engage in further discussions, and file the appropriate pleadings to commence a Challenge, if necessary.

14. Moreover, FAME has consented to an extension of the Committee's Challenge Deadline solely related to FAME's liens on the Debtor's personal property to December 10, 2025. Because there is good cause to grant the extension and the relevant parties have consented, the Committee respectfully requests that the Court extend the Challenge Deadline solely related to

FAME's liens on the Debtor's personal property to December 10, 2025, and without a hearing pursuant to Local Rule 9013-3.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Court enter an order: (i) granting the Motion; (ii) extending the deadline for the Committee to file a Challenge solely related to FAME's liens on the Debtor's personal property to December 10, 2025; and (iii) granting such other relief as the Court deems appropriate under the circumstances.

Dated: November 5, 2025

*/s/ Kyle D. Smith*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, Maine 04101
Telephone:    (207) 810-4955
Email: andrew.helman@dentons.com
         kyle.smith@dentons.com
         troy.lawrence@dentons.com

*Counsel to the Official Committee of Unsecured Creditors*

*CONSENTED TO*:

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine 04101
(207) 772-1941
jfischer@dwmlaw.com

*Counsel to the Finance Authority of Maine*

25208193.v2