**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,[1]<br><br>    Debtor, | Chapter 11<br><br>Case No. 25-10180 |

**APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER AUTHORIZING THE EMPLOYMENT
OF DENTONS AS COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, EFFECTIVE AS OF OCTOBER 15, 2025**

The Official Committee of Unsecured Creditors (the "Committee") of American Unagi, Inc., (the "Debtor") submits this application (the "Application") for entry of an order, pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "Local Rules") authorizing the employment of Dentons[2] as counsel for the Committee effective as of October 15, 2025. Simultaneously with the filing of this Application, the Committee is filing the *Declaration of Andrew C. Helman in Support of the Application of the Official Committee of Unsecured Creditors* (the "Helman Declaration"), which is attached hereto as **Exhibit A** and is incorporated herein by reference. In support of the Application, the Committee respectfully states as follows:

---

[1]     The last four digits of American Unagi, Inc's federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2]     The term "Dentons" includes attorneys from Dentons Bingham Greenebaum LLP ("DBG"), and all member firms of the Dentons Group, a Swiss verein.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The statutory bases for the relief requested in this Application are section 1103(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Local Rules 2014-1 and 9013-3.

**BACKGROUND**

4. On September 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On October 10, 2025 (the "Committee Formation Date"), the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 60].

6. On October 15, 2025, the Committee conducted its first organizational meeting and selected Dentons to serve as its counsel in this chapter 11 case.

**DENTONS' QUALIFICATIONS**

7. Dentons is well-qualified to serve as the Committee's bankruptcy counsel in this case. Dentons is a full-service law firm with attorneys who regularly advise debtors, creditors' committees, and other parties in interest in chapter 11 cases. The firm's professionals have substantial experience in virtually all legal issues that may arise in this case. This includes familiarity with all aspects of bankruptcy and restructuring; litigation and dispute resolution; and corporate and tax law matters.

8. Dentons refers to Dentons Group, a Swiss verein structure comprised of member firms. The partners of DBG and partners and shareholders of member firms within the United States region for Dentons are also partners of Dentons United States LLP, which is the U.S. Region member of Dentons Group, whose members and their respective subsidiaries, affiliates, and related entities provide legal services in different locations.

9. Dentons' restructuring attorneys within the United States work together as part of a national Restructuring, Insolvency, and Bankruptcy Group. Dentons' standard business terms in the U.S. Region do not require separate engagement by clients of any member firm within Dentons. For these reasons, Dentons is making disclosures under Bankruptcy Rule 2014(a) with respect to all of Dentons Group, which includes international organizations, in accordance with the firm's practices. However, Dentons currently anticipates that only attorneys and professionals within DBG will initially work on this matter, though attorneys from other Dentons' firms may provide services if needed or appropriate based on facts and circumstances.

10. Dentons is deeply familiar with the Committee's needs in this case. Immediately after the Committee requested that Dentons represent it in connection with this case, Dentons spent time familiarizing itself with the Debtor's business and this bankruptcy case. If the Committee were to retain new counsel, considerable time and effort would need to be spent by that new counsel so that it was familiar with the Debtor's business and this case.

**SERVICES TO BE PROVIDED**

11. The Committee anticipates that Dentons will render general legal services to the Committee as needed throughout the course of this case, with a focus on bankruptcy, corporate, finance, and litigation, each to the extent necessary and appropriate. In particular, the Committee anticipates that Dentons will provide, among other things, the following legal services:

A. Assist and advise the Committee in its consultations with the Debtor and its professionals, as well as the United States Trustee and other parties in interest, concerning the administration of the Debtor's estates and these cases;

B. Assist the Committee's investigation of the Debtor's and other parties' acts, conduct, assets, liabilities, and financial condition, the operation of the Debtor's business, and any other matter relevant to the cases or the formulation of a plan or plans of reorganization or liquidation;

C. Prepare necessary applications, motions, complaints, answers, orders, agreements, and other legal papers or documents on behalf of the Committee;

D. Review, analyze, and assist the Committee in responding to all court filings of the Debtor or other parties-in-interest and appearing in Court to present necessary motions, applications, and pleadings, and to otherwise protect the interest of the Committee;

E. Represent the Committee at all hearings and other proceedings; and

F. Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

12. The Committee requires knowledgeable counsel to render the essential professional services it requires in these chapter 11 cases. As noted above, Dentons has substantial expertise in all of the relevant areas likely to arise in these chapter 11 cases. Accordingly, the Committee respectfully submits that Dentons is well qualified to perform these services and represent the Committee's interests in this chapter 11 case.

## RELIEF REQUESTED

13. Subject to approval of this Court, the Committee seeks approval to employ Dentons as bankruptcy counsel in connection with this case, with such retention effective as of October 15, 2025. This relief is requested pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 9013-3.

**BASIS FOR RELIEF**

14. Subject to approval of this Court, the Committee seeks approval to employ Dentons as counsel in connection with this chapter 11 case, with such retention effective as of October 15, 2025. Dentons has represented the Committee since that date and worked to assist the Committee with the significant and important issues in this chapter 11 case, which required immediate attention.

15. Section 1103(a) of the Bankruptcy Code permits a committee appointed by the U.S. Trustee to employ one or more attorneys to represent and perform services for such committee. 11 U.S.C. § 1103. Further, pursuant to section 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in the same case.

16. To the best of the Committee's knowledge, information, and belief, and except as otherwise disclosed in the Helman Declaration filed with this Application, neither Dentons nor any of its attorneys have connections with the Debtor, their creditors, equity security holders, or any other party in interest, or their respective attorneys, accountants, the U.S. Trustee, or any person currently employed in the Office of the U.S. Trustee, in any matters related to the Debtor or their estates. To the best of the Committee's knowledge, based upon the Helman Declaration, and except as may be set forth therein, Dentons (i) does not hold any adverse interest or represent any entity having an adverse interest in connection with this chapter 11 case, and, further, (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

17. Dentons will conduct continuing inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Dentons will file a supplemental verified statement setting forth any facts and circumstances relevant thereto. The

Committee is aware that, because Dentons is a large law firm with diverse clients, Dentons may currently represent, may have represented, or may have connections to certain creditors of the Debtor's estate or other parties in interest in matters unrelated to the Debtor or the chapter 11 case. Disclosures with respect to such engagements or connections are in the Helman Declaration.

## **COMPENSATION AND EXPENSE REIMBURSEMENT**

18. Subject to this Court's approval, Dentons intends to charge the Committee for legal services on an hourly basis and to seek reimbursement of actual expenses, as set forth in the Helman Declaration. The hourly rates charged by Dentons professionals differ based on, among other things, the professional's experience and geographic location. The hourly rates charged by Dentons may change from time to time in accordance with Dentons' practices and procedures.

19. Dentons has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services. Dentons agrees to accept as compensation for its services in such sums as may be allowed by this Court in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the complexities involved, and any other appropriate factors.

20. It is Dentons' policy to be reimbursed by clients for all out-of-pocket expenses incurred in connection with the representation of clients. All such expenses shall be billed in accordance with the normal billing practices of the firm and subject to any limitations under the Bankruptcy Code and this Court's Local Rules. Dentons intends to bill non-working travel time at 50% of its billing rate for the individual involved.

21. Because of the variety and complexity of the services that will be required, it is not possible to precisely estimate the total cost of services to be rendered for the balance of this chapter

11 case. Dentons anticipates that fees will be consistent with cases of similar size and complexity in the District of Maine.

## NOTICE

22. Notice of this Application and all related papers has or will be given to the following parties in the manner described in the certificate of service filing with this Application, filed by the Committee: (a) the United States Trustee; (b) the Debtor's twenty largest unsecured creditors; (c) Maine Community Bank; and (d) all other parties in this case receiving service through the Court's CM/ECF electronic filing system.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that this Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 12, 2025					Respectfully submitted,

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 810-4955
Email: andrew.helman@dentons.com
	kyle.d.smith@dentons.com
	troy.lawrence@dentons.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

       This is to certify that I have on November 12, 2025, I caused a copy of the foregoing document to be filed with the electronic case filing system for the United States Bankruptcy Court for the District of Maine, thereby serving all parties in interest receiving service in this case through the Court's electronic filing system.

       **DENTONS BINGHAM GREENEBAUM**

       */s/Andrew C. Helman*
       **ANDREW C. HELMAN**