## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN UNAGI, INC., | Case No. 25-10180 |
| Debtor.[1] | |

### DEBTOR'S CONSENTED-TO MOTION (A) TO CONTINUE CASH COLLATERAL AND BORROWING AUTHORITY; (B) EXTEND CERTAIN COMMITTEE CHALLENGE RIGHTS; AND (C) FOR EXPEDITED RELIEF

**The Debtor seeks an expedited hearing on this motion on <u>December 4, 2025, at 1:00 PM</u>. The basis for that request for expedited relief is set forth below.**

American Unagi, Inc., the above-captioned debtor and debtor-in-possession (the "**<u>Debtor</u>**"), with the consent of Maine Community Bank, Finance Authority of Maine, the United States Trustee, and the Official Committee for Unsecured Creditors (the "**<u>Committee</u>**"), moves this Court for the entry of an order (a) continuing the Debtor's authority to use cash collateral and borrow certain amounts (to the extent not already fully drawn) pursuant to this Court's *Final Order: (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to § 364 of the Bankruptcy Code; (II) Authorizing the Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code; (III) Granting Liens and Super-Priority Claims; and (IV) Granting Adequate Protection* [Dkt. No. 94] (the "**<u>Final DIP Order</u>**") through and including December 19, 2025; and (b) extending the relief in the Challenge Motion (defined below) through January 2, 2026. In support of this motion, the Debtor states as follows:

### JURISDICTION AND VENUE

1. The United States District Court for the District of Maine (the "**<u>District Court</u>**")

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4.      On September 29, 2025 (the "**Petition Date**"), the Debtor commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

5.      The Debtor continues to operate its business and manage its property as debtor and debtor-in-possession. To date, no operating trustee or examiner has been appointed in the case by the United States Trustee.

6.      This Court entered the Final DIP Order on October 21, 2025. Pursuant to the Final DIP Order, the Debtor was authorized, among other things, to use cash collateral through December 5, 2025, and to borrower under the DIP Loan up to the maximum principal amount of $526,000.[2] The purpose of the relief in the Final DIP Order was to ensure continued operations of the Debtor while it pursued a going-concern sale process.

7.      On November 5, 2025, the Committee filed the *Consented Motion to Extend the Deadline for the Official Committee of Unsecured Creditors to File a Challenge* [Dkt. No. 119] (the "**Challenge Motion**"), which sought to extend the deadline for the Committee to file a

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Final DIP Order.

Challenge solely related to FAME's liens on the Debtor's personal property to December 10, 2025. The Court entered an order approving the Challenge Motion on November 6, 2025 [Dkt. No. 122]. In light of the relief sought in this motion and the extended sale deadline, the Debtor also seeks to extend the relief in the Challenge Motion through January 2, 2026.

8.      Subsequent to entry of the Final DIP Order, on November 17, 2025, this Court entered the *Order Granting Debtor's Consented-To Motion to Enlarge Bid Deadline and Related Deadlines, and To Continue Sale Hearing* [Dkt. No. 129] (the "**Bid Procedures Extension Order**").  Under the Bid Procedures Extension Order, various deadlines under the bid procedures order [Dkt. No. 95] were extended, including the bid deadline to December 5, 2025, the sale hearing to December 16, 2025, and the outside closing date to December 19, 2025.

9.      Accordingly, to facilitate ongoing operations through the extended sale deadlines in the Bid Procedures Extension Order (given that the Budget with the Final DIP Order currently extends until December 5, 2025), the Debtor seeks entry of an order continuing the relief in the Final DIP Order for a two-week period, or through December 19, 2025 (the new outside closing date).  To be clear, the Debtor does **not**, through this motion, seek authority to borrow more than the $526,000 previously authorized in the Final DIP Order, **nor** does the Debtor seek any substantive changes to the Final DIP Order other than to extend the relief in accordance with the proposed order filed with this motion and the continued budget attached as **Exhibit A** to that proposed order.[3]

10.     The Debtor, therefore, submits that the relief requested herein will help facilitate a robust sale process by affording the Debtor continued cash collateral authority while the Debtor completes discussions, receives bids, and confers with consultation parties before determining the

---

[3] In the event the Debtor seeks to borrow more than the previously approved amount, the Debtor only will do so through separate motion.

3

successful bid, all in an effort to achieve a timely, value-maximizing, and competitive sale process based on the Debtor's cash situation.

## **REQUEST FOR EXPEDITED RELIEF**

11.    The Debtor seeks approval for an expedited hearing on this motion **on December 4, 2025, at 1:00 PM** (with objection to be raised at or shortly before that hearing). The Final DIP Order extends only until December 5, 2025, and, therefore, the Debtor requires further cash collateral authority prior to that end date.  Absent a hearing on December 4th, the period in the Final DIP Order would expire, and the Debtor's authority to use cash collateral would cease prior to completion of the sale process, which would be detrimental to the process and all parties in interest.

WHEREFORE, the Debtor respectfully requests that this Court enter an order as proposed herein and granting such other and further relief as this Court deems just and proper.

Dated:   November 19, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
D. Sam Anderson
Adam R. Prescott
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Counsel to the Debtor and Debtor in Possession*