**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>AMERICAN UNAGI, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-10180 |

**DEBTOR'S MOTION (A) TO CONTINUE CASH COLLATERAL USE AND ENLARGE BORROWING AUTHORITY; (B) EXTEND CERTAIN COMMITTEE CHALLENGE RIGHTS; AND (C) FOR EXPEDITED RELIEF**

**The Debtor seeks an expedited hearing on this motion on or before December 16, 2025. The basis for that request for expedited relief is set forth below.**

American Unagi, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), with the consent of Maine Community Bank and Finance Authority of Maine, moves this Court for the entry of an order (a) continuing the Debtor's use cash collateral through and including January 9, 2026, and enlarging the Debtor's authority to borrow from Maine Community Bank by **$146,000** (from **$526,000** to **$672,000**) pursuant to the terms and conditions of this Court's *Final Order: (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to § 364 of the Bankruptcy Code; (II) Authorizing the Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code; (III) Granting Liens and Super-Priority Claims; and (IV) Granting Adequate Protection* [Dkt. No. 94] (the "**Final DIP Order**"); and (b) extending the relief in the Challenge Motion (defined below) through January 16, 2026. In support of this motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Maine (the "**District Court**")

---

[1] The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## **BACKGROUND**

4. On September 29, 2025 (the "**Petition Date**"), the Debtor commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

5. The Debtor continues to operate its business and manage its property as debtor and debtor-in-possession. To date, no operating trustee or examiner has been appointed in the case by the United States Trustee.

6. This Court entered the Final DIP Order on October 21, 2025. Pursuant to the Final DIP Order, the Debtor was authorized, among other things, to use Cash Collateral through December 5, 2025, and to borrower under the DIP Loan up to the maximum principal amount of $526,000.[2] The purpose of the relief in the Final DIP Order was to ensure continued operations of the Debtor while it pursued a going-concern sale process. On December 4, 2025, this Court granted the motion extending the Debtor's use of Cash Collateral through December 19, 2025.

7. On November 5, 2025, the Official Committee for Unsecured Creditors (the "**Committee**") filed the *Consented Motion to Extend the Deadline for the Official Committee of*

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Final DIP Order.

*Unsecured Creditors to File a Challenge* [Dkt. No. 119] (the "**Challenge Motion**"), which sought to extend the deadline for the Committee to file a Challenge solely related to FAME's liens on the Debtor's personal property to December 10, 2025. The Court entered an order approving the Challenge Motion on November 6, 2025 [Dkt. No. 122]. In light of the relief sought in this motion and the extended sale deadline, the Debtor also seeks to extend the relief in the Challenge Motion through January 16, 2026.

8. Subsequent to entry of the Final DIP Order, on November 17, 2025, this Court entered the *Order Granting Debtor's Consented-To Motion to Enlarge Bid Deadline and Related Deadlines, and To Continue Sale Hearing* [Dkt. No. 129] (the "**Bid Procedures Extension Order**"). Under the Bid Procedures Extension Order, various deadlines under the bid procedures order [Dkt. No. 95] were extended, including the bid deadline to December 5, 2025, the sale hearing to December 16, 2025, and the outside closing date to December 19, 2025. Further, on December 4, 2025, this Court entered the *Order Granting Debtor's Second Consented-To Motion to Enlarge Bid Deadline and Related Deadlines, and To Continue Sale Hearing* [Dkt. No. 144] (the "**Second Bid Procedures Extension Order**"), which further extended the bid deadline to December 23, 2025, and the outside closing date to January 12, 2026.

9. To facilitate ongoing operations through the extended sale deadlines and to provide sufficient liquidity for the Debtor to operate and meet its obligations as debtor-in-possession during this extended period, the Debtor, through this motion, seeks entry of an order continuing the relief in the Final DIP Order through January 9, 2026, and increasing the Debtor's authority to borrow under the DIP Loan by an additional **$146,000**, up to the new maximum principal amount of **$672,000**, each in accordance with the continued budget attached as **Exhibit A** to the proposed

order filed with this motion.[3]

10. The Debtor submits that the relief requested herein will help facilitate a robust sale process by affording the Debtor continued cash collateral and needed borrowing authority while the Debtor completes discussions, receives bids, and confers with consultation parties before determining the successful bid, all in an effort to achieve a timely, value-maximizing, and competitive sale process based on the Debtor's cash situation.

## REQUEST FOR EXPEDITED RELIEF

11. The Debtor seeks approval for an expedited hearing on this motion **on or before December 16, 2025** (with objections to be raised at or shortly before that hearing, as the Court may set). The Final DIP Order currently extends until December 19, 2025, and, therefore, the Debtor requires further cash collateral and borrowing authority prior to that end date. In addition, and more urgently, as reflected in the Budget at **Exhibit A** to the proposed order, the Budget reflects additional borrowing ($25,000) to begin in the week starting on December 15, 2025, including to fund operating expenses and ordinary course payroll that week. (Payroll is drawn on Wednesdays of each week by the payroll company and disbursed on Fridays to employees; the Debtor, therefore, seeks a hearing before that Wednesday, December 17 payroll draw reflected in the Budget ($20,000) so that it may have access to additional borrowing authority if needed to meet payroll in that week.) Absent an expedited hearing, the extended period in the Final DIP Order would expire, the Debtor's authority to use cash collateral would cease, and the Debtor would lack access to new borrowing to fund its necessary expenses starting the week ending December 19, all of which would be detrimental to the process and all parties in interest.

---

[3] As set forth in the proposed order, Maine Community Bank and Finance Authority of Maine have also agreed to increase the Carve Out to the Committee's counsel by **$10,000**, which such funds would be paid from sale proceeds (in addition to payment from sale proceeds of the remaining **$40,000** of the unfunded remaining Carve Out to counsel to the Debtor, which was removed from the Budget to help reduce the borrowing needs through closing).

4

WHEREFORE, the Debtor respectfully requests that this Court enter an order as proposed herein and granting such other and further relief as this Court deems just and proper.

Dated:   December 4, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
D. Sam Anderson
Adam R. Prescott
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Counsel to the Debtor and Debtor in Possession*