**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**AMERICAN UNAGI, INC.,**[1]<br><br>　　Debtor. | Chapter 11<br><br>Case No. 25-10180 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION (A) TO CONTINUE CASH COLLATERAL USE AND ENLARGE BORROWING AUTHORITY; (B) EXTEND CERTAIN COMMITTEE CHALLENGE RIGHTS; AND (C) FOR EXPEDITED RELIEF**

　　The Official Committee of Unsecured Creditors (the "Committee") of American Unagi, Inc. (the "Debtor"), by and through undersigned counsel, files this objection (the "Objection"), to the Debtor's *Motion (A) to Continue Cash Collateral Use and Enlarge Borrowing Authority; (B) Extend Certain Committee Challenge Rights; and (C) for Expedited Relief* [Dkt. No. 150] (the "Motion").[2] In further response to the Motion, the Committee respectfully states as follows:

**OBJECTION**

　　1.　　The Committee appreciates the Debtor's need for uninterrupted liquidity to carry the sale process through the extended sale deadlines. Further, the Committee does not fundamentally oppose the Debtor's continued use of cash collateral through January 9, 2026, or an increase in borrowing authority to $672,000 so that operations and the marketing process proceed without disruption. The Committee likewise supports the Debtor's request to extend certain challenge rights through January 16, 2026. The Committee's goal is to support a timely, value maximizing transaction and preserve value for the benefit of general unsecured creditors.

---

[1]　　The last four digits of American Unagi, Inc.'s federal taxpayer identification number are 5308, and its principal place of business is 186 One Pie Road, Waldoboro, Maine 04572.

[2]　　Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

25294454.v2

2. The Committee is, however, concerned about the risk that this case may be administratively insolvent if a sale does not close on the current timeline and does not yield sufficient proceeds. As borrowings increase to fund operations, the risk grows that there will be insufficient funds to pay all chapter 11 administrative expenses—including accrued and accruing professional fees—if a sale is delayed, does not close, or closes without adequate proceeds.

3. That concern is underscored by the proposed changes to the professional fee Carve Outs. For example, the proposal enhances risk by removing $40,000 of fees from the Budget for Debtor's counsel and making funding of that Carve Out payable only post-sale. The Carve Out for the Committee's counsel is proposed to increase by $10,000, but with that portion "payable solely from sale proceeds[,]" if a sale occurs. At the same time, and as disclosed by the Debtor at a hearing on December 4, 2025, the Committee understands that Maine Community Bank (the "DIP Lender") only agreed to extend further financing if the Debtor's sale broker agreed to reduce his success fee by 1%.

4. The DIP Lender and the Finance Authority of Maine ("FAME") consented to a chapter 11 process prior to the Petition Date, including agreement to the terms of a Restructuring Support Agreement with the Debtor. Granted, the sale timeline is now different, but the proposed changes outlined in the Motion coupled with the required reduction in the sale broker's success fee in fact reduces the aggregate amount of administrative fees that the lenders had agreed to fund for a longer case, including by making certain amounts available only post-sale or out of proceeds of a sale.

5. The Committee appreciates that lenders may rarely want to be in chapter 11. But, here, the DIP Lender and FAME consented to this process and, although the expected timeline has changed, it is inequitable allow them to shift risk to chapter 11 professionals as a result. To that

2

end, the Committee respectfully requests that any order approving the Motion provide that Carve Out amounts are the responsibility of the DIP Lender, even in the event that no sale occurs. Further, the Committee requests that the Court modify the aggregate professional fee Carve Out so that all professionals share ratably in the aggregate Carve Out based on allowed fees and expenses, with unused portions of any individual Carve Out available to other professionals whose allowed fees may exceed their designated Carve Out. This ratable sharing construct would fairly allocate limited resources among professionals and mitigate the risk of nonpayment in an administratively insolvent case.

6. The modified relief requested by the Committee is narrowly tailored and appropriate at this juncture. The Committee does not seek to impede or delay the sale process, alter the extended sale milestones, or prevent the Debtor from operating in Chapter 11. Rather, the Committee requests modest, practical modifications to the terms of the propose borrowing to ensure that, in the downside scenario, professionals are protected and share the limited available funding equitably and the case remains administratively solvent to the extent possible.

## RESERVATION OF RIGHTS

7. The Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Motion. The Committee further reserves the right to supplement, modify, or amend this Objection or raise additional objections orally or in writing at any hearing on the Motion.

## COMPLIANCE WITH LOCAL RULE 9013-1(c)(2)

8. To the extent that Local Rule 9013-1(c)(2) requires the Committee to admit or deny any factual allegations in the Motion, the Committee requests that the Court waive this requirement

3

25294454.v2

for the reason that the Committee lacks knowledge or information sufficient to form a believe about the truth or falsity of such allegations.

Dated: December 12, 2025

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, Maine 04101
Telephone:    (207) 810-4955
Email: andrew.helman@dentons.com
           kyle.d.smith@dentons.com
           troy.lawrence@dentons.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

      I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: December 12, 2025　　　　　　　　Respectfully submitted,

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 810-4955
Email: andrew.helman@dentons.com
　　　　kyle.d.smith@dentons.com
　　　　troy.lawrence@dentons.com

*Counsel for the Official Committee of Unsecured Creditors*